## LUDGER ROME, ET AL., v. THE MEXICAN PETROLEUM CORPORATION OF LOUISIANA.

(January 18, 1926. Opinion and Decree.)
(February 1, 1926. Rehearing Refused.)
(March 1, 1926, Writ of Certiorari and Review Denied by the Supreme Court.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Master and Servant —Par. 160.**

Under Section 8, subsection 2(g) of Act 20 of 1914, as amended, a father and mother may recover compensation in suit brought under Employers' Liability Act against the former employer of their deceased son, if they be shown to have been actually dependent to some extent upon their son's support at the time of his injury and death.

(The recent amendment of Sec. 8 of Act 20 of 1914 is Act 216 of 1924. Editor's note.)

2. **Louisiana Digest—Master and Servant —Par. 154, 160 (e).**

Liberal interpretation of the law is the rule of reason governing courts in compensation cases, and no definite inflexible rule can be established. Each case must be considered in the light of its own facts and attending circumstances.

3. **Louisiana Digest—Master and Servant —Par. 160.**

Where a minor son, absent from home during eight months of employment, is shown to have made remittances with reasonable regularity to one of his parents, with the evident purpose of assisting in the maintenance of an overburdened if not impoverished parental household consisting of five unmarried children, four of whom are also minors unemployed, a case of actual dependency, with reasonable expectation of continued pecuniary assistance, is established, and recovery under the Act is justified. (Section 8. Subsection 2 (g) of Act 20 of 1914.)

Appeal from the Twenty-sixth Judicial District Court, Parish of St. Charles, Hon. H. N. Gautier, Judge.

This is a suit for compensation brought by the father and mother of the deceased employee for recovery under Section 8, Subsection 2(g) of Act 20 of 1914, as amended by Act 43 of 1922. The only question is that of the meaning of the word "dependency" as used in the Workmen's Compensation Act.

There was judgment for plaintiffs and defendant appealed.

Judgment affirmed.

J. A. Carville of Hahnville and A. A. Provosty of New Orleans, attorneys for plaintiffs, appellees.

P. M. Milner of New Orleans, attorney for defendant, appellant.

### OPINION.

BELL, J. By record admissions made in this case, all issues have been eliminated except that of dependency, within the meaning and intendment of the Employer's Liability Act of Louisiana (No. 20 of 1914) and subsequent amendments, up to and including those of Section 8, subsection 2 (g) of Act 43 of 1922.

Appellants, as the father and mother, respectively, of their minor son Albert Rome, killed while in the employ of the defendant Company, seek compensation under the Act as dependents of the deceased.

The petitioners allege that their son was employed by defendants as a pipe fitter; that he was ordered by defendants' foreman to help in extinguishing a fire, and while so engaged a gasoline tank exploded, burning their son severely and causing his death, the next day, at Touro Infirmary.

There was judgment in favor of plaintiffs for $9.45 per week for 300 weeks from November 5, 1921, until paid, and for the additional sum of $100.00 as funeral

expenses. From this judgment defendant has appealed.

The evidence shows that plaintiffs had ten children. Two sons, including Albert Rome, were killed in recent accidents. The deceased and three married children lived away from home. Plaintiff's immediate family, at the time of Albert Rome's death, consisted of themselves and five children, four of whom were minors attending school. The father, one of the plaintiffs herein, was employed as overseer on a plantation at a salary of $125.00 per month, this being his only source of revenue. He testifies that it took all of his salary and sometimes more to feed and clothe himself and family. At the time of the trial he was not in debt and had about $20.00 in a savings bank. The deceased son lived with a married sister, to whom he paid board. The father and another son (the only witness in the case) testified positively that deceased brought portions of his salary regularly to his mother, whenever he visited her at intervals from two or three weeks, and one of these witnesses (the brother) swears that he saw deceased turn the money over to the mother; neither witness was able to state definitely as to the amounts which were paid when the deceased visited his home, the father saying: "Sometimes $5.00, sometimes $20.00. I cannot tell exactly." None of the payments appear to have been made to the father. He states further that none of the children at home contributed to plaintiff's support, and that he never asked the deceased for any money; that the wife took care of everything, and that "all the boys" (meaning evidently those who worked) "brought money home to their mother." These are all the facts which are material to the determination of the issue as to dependency of the parents.

The evidence satisfies us that an unquestionable condition of dependency has been established in this case. It is contended for defendant that the testimony of neither witness is convincing or certain; that no positive proof has been made as to the dates or amounts of the contributions given by the deceased. There is sufficient proof, in our opinion, of the fact that some assistance was given—whatever may have been the amount—and that it came with reasonable regularity, sufficient to justify the conclusion in the light of other evidence as to the excessive burden imposed upon the parents for maintaining the home; that plaintiffs were dependent upon the deceased for needed support at the time of the latter's injury and death. The mother, who was shown by the evidence to be more or less an invalid, did not testify. Much is made of this fact in appellant's brief. Her failure to do so does not in any manner prejudice plaintiff's case. If called, she could have but corroborated the testimony of the other members of the household, who have amply presented the circumstances under which plaintiffs were struggling to maintain an existence, not perhaps of approaching impoverishment, but certainly one far from luxury or ease.

It is also fair to conclude, in this case, that plaintiffs reasonably expected and depended upon a continuance, during their son's life, had he lived, of that assistance which he had been in the habit of giving them.

In Gregory vs. Standard Oil Co., 151 La. 228, 91 South. 717, the Court said:

"The statute does not attempt to define what shall constitute 'actual dependence for support to any extent,' and the court cannot make any definite inflexible rule to govern each case. Each case must be con-

strued in the light of its own facts and attending circumstances. Our conclusions in this case is that it is not necessary that the plaintiffs should have been actually receiving from their son contributions. or pecuniary aid at the time of his death; that the son's parents, being in necessitous circumstances and he being a minor, that he had contributed his personal labor, in making a crop the year previous to his death and which went to their support; and when, after the crop was harvested, the son left, with the consent of his parents, to seek employment, promising his parents to send a stated amount of his monthly wages to employ a hand to take his place, constitute the parents actual dependents to such an extent as to bring them within the meaning of the statute."

In the foregoing case, as well as in Hamilton vs. Texas Oil Company, 151 La. 692, 92 South. 301, the jurisprudence on the subject of dependency under compensation statutes was extensively considered. In the Gregory case it was further held:

"Our statute does not require that the father and mother should be absolutely dependent on their son for support before they can recover compensation for his death. The only requirement is that they should be actually dependent to any extent, that is to say, to some extent."

Our brothers of the Second Circuit Court of Appeal have recently determined in two well-considered cases the same rule of interpretation and have granted recovery, such as should now be had in the instant case. See Cauthorn, et al., vs. Cypress Tank Co., 1 La. App. 100; also Nelson vs. Henderson Iron Works and Supply Co., 1 La. App. 332.

We find no error in the judgment of the Trial Court.

For the foregoing reasons, it is ordered that the judgment appealed from be affirmed, at defendant's cost in both courts.