OYERTON, J.
 

 Relators contend that their son, Frank Adams, was killed in the city of New Orleans while discharging the duties of his employment as defendant’s chauffeur, and sue for compensation under the Employers’ Liability Act, Act No. 20 of 1914, as amended.
 

 Defendant is engaged in the business of running a number of taxicabs for the transportation of people for compensation, and employed relators’ son as a chauffeur, who was 20 years of age at the time of his employment and death.
 

 The defenses to the suit are numerous. The Court of Appeal found, however, that it was necessary to consider but one of them, and that defense is that the Employers’ liability Act is not applicable to the case, because re-lators’ son was only 20 years of age when he successfully sought the employment and at the time he was accidentally killed. The court found that the employment did not come within the Employers’ Liability Act, because of a provision in that act to the effect that it is not applicable to employees of less than the minimum age prescribed by law for the employment of minors in certain occupations, and because of an ordinance of the city of New Orleans in force at the time of the employment and the accident, which prohibited any one from acting as chauffeur of a motor vehicle of any kind, operated for compensation, without first obtaining a certificate from the commissioner of public safety, and which provided that no certificate for that purpose should issue to a person under 21.
 

 Both the relators and the defendant have purposely confined their briéfs to the one defense considered by the Court of Appeal, and both expect in the event of a reversal that the case will be remanded to the Court of Appeal to enable it to consider the remaining ■defenses.
 

 The Employers’ Liability Act, Act No. 20 of 1914, as amended in part by Act No. 85 of 1926, as appears from section 3, paragraph 6, of the amending act, reads as follows: “Any employee of the age of eighteen and upwards engaged in any trade, business or occupation * * * that may be determined to be hazardous under the operation of Paragraph 3 of Section 1, shall himself exercise the right of election or termination or waiver authorized by this section. Such right of election or termination or waiver, shall be exercised on behalf of any employee under the age of eighteen by either his father, mother or tutor, or if neither of these can readily be gotten to act, then by the court. Provided, that this act shall not apply to employees of less than the minimum age prescribed by law for the employment of minors in the trades, businesses or occupations specified in Paragraph 2 of Section 1, or that may be determined to be hazardous under the operation of Paragraph 3 of Section 1.” The Quoted paragraph is included in Act 20 of 1914, as paragraph 4 of section 3, substantially, and almost word for word.
 

 Ordinance No. 6555, Commission Council Series, in its first section, provides that no person shall act as a chauffeur of a motor vehicle of any kind operated for compensation unless he is at the time the lawful possessor of a valid certificate from the commissioner of public safety of the city of New Orleans, stating in effect that he has qualified, under the ordinance, to operate a motor vehicle, and prohibits any person, firm, or corporation from permitting any one who is not the
 
 *47
 
 lawful possessor of sueli a certificate to act as a chauffeur of a motor vehicle operated for compensation. Section 2 of the ordinance provides, in part, “that no .person shall be entitled to such certificate to act. as a chauffeur or driver of a motor vehicle of any hind operated for a fee, charge, profit, or reward unless he be at least twenty-one years of age. * * * »
 

 The question is whether the proviso in paragraph 6 of section 3 of the Act of 1926, quoted. above, relative to the exclusion of employees of less than the minimum age prescribed by law for the employment of minors, in certain occupations, from the Employers’ Liability Act, includes minors who are employed in violation of a municipal ordinance. In our view it does not. The word “law” does not ordinarily include a municipal ordinance. Wright v. City of Macon, 5 Ga. App. 750, 64 S. E. 807. When found in a statute, it usually means a law of the state. We think that, in this instance, the Legislature, by the expression “less than the minimum age prescribed by law for the employment of minors,” used in connection with their exclusion from the Employers’ Liability Act, had reference only to the minimum age prescribed by the laws of the state, such as Act 301 of 1908, as amended by Act 177 of 1916, and by Act 176 of 1926, commonly known as the “Minimum Age Law” or the “Child Labor Law,” and not to the ages fixed by municipal ordinances as a requisite to obtaining permits to engage in certain occupations. It was not the intention of the Legislature to make the applicability of the .Employers’ Liability Act depend to any extent upon the will of municipal councils, and the 'Legislature did not do so. Moreover, the Legislature contemplated that the Employers’ Liability Act should be applicable to all minors over the age of 18 years, for the Legislature expressly provided that all such minors, without the assistance of any one, shall have the right to elect whether or not they shall come within the provisions of the act. There is no state law prohibiting a minor 20 years of age from seeking employment or being employed as a chauffeur to drive a taxicab engaged in the business of transporting people for hire. The fact that one is so employed in violation of a municipal ordinance does not so affeet the contract of employment as to place the one employed outside of the Employers’ Liability Act.
 

 The judgment of the Court of Appeal, under review, is therefore annulled and set aside, and this case is remanded to that court to be proceeded with in accordance with the views here expressed.