LEMMLER ET AL. v. FABACHER

(February 15, 1932. Opinion and Decree.)
(March 7, 1932. Rehearing Refused.)
(March 30, 1932. Writs of Certiorari and
Review Refused by Supreme Court.)

Raoul Sere, Jr., of New Orleans, attorney for plaintiff, appellee.

M. C. Scharff, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. Plaintiff, as surviving parent, individually and as natural tutrix of her two minor daughters, sued the defendant to recover compensation alleged to be due under the compensation statutes of this state for the death of her minor son, who was killed on December 18, 1929,

while employed by defendant, who was engaged in the bakery business, in the capacity as driver or chauffeur of a Ford truck used in delivering bread.

The defendant filed an exception of no right or cause of action as to the claim in behalf of the sisters of the deceased on the ground that the compensation law vests any right there may be to recover solely and exclusively in the mother, as surviving parent, and denied liability, interposing the following defenses:

(1) That driving an automobile truck is not one of the enumerated hazardous trades, businesses, or occupations covered by the provisions of the compensation statute.

(2) That the deceased came to his death as a result of operating the truck at an excessive rate of speed, in violation of the traffic ordinance of the city of New Orleans, and, therefore, was guilty of a deliberate breach of a statutory regulation affecting safety of life or limb.

(3) That the deceased was injured and died as a result of his deliberate failure to use an adequate guard or protection against accident provided by his employer, the defendant, in not applying the pedal and emergency brakes on the truck in order to bring it to a stop.

(4) That the deceased willfully injured himself and caused his death, and

(5) That the mother was not wholly or partially dependent upon her son for support.

The exception of no right or cause of action was sustained and the suit dismissed as to the two sisters, and there was judgment in favor of the mother individually, as prayed for, and for $150 funeral and contingent expenses in connection therewith. Defendant alone has appealed.

In this court defendant, in the alternative, further complains:

(A) That in the event this court should hold the defendant liable, the trial court improperly calculated the compensation allowed because the boy boarded at home and his mother bought his clothes out of his earnings, for which proper allowances or deductions should be made, and,

(B) That the compensation statute limits the funeral expenses to $100, and, as the lower court allowed the sum of $150, it should be reduced to $100.

The record shows that the defendant is engaged in the bakery business and employed the plaintiff's minor son, age 17 years, to drive a Ford truck for the purpose of delivering bread to customers for a wage of $12 per week; that on December 12, 1929, at about 5:30 a. m., while the deceased was delivering bread in the truck, it ran into an iron post at the intersection of Washington avenue and Broad street, this city, that the boy was badly crushed and injured and died as a result thereof on December 18, 1929.

(1) Taking up the defenses urged below in their order, it is sufficient to say that both the Supreme Court and this court have held that the operation of a motortruck by a driver or chauffeur is hazardous and comes within the provisions of the compensation statute because it involves the operation of machinery. Haddad v. Commercial Motor Truck Co., 146 La. 899, 84 So. 197, 9 A. L. R. 1380; Plick v. Toye Bros. Auto & Taxicab Co., Inc., 13 La. App. 525, 127 So. 59. Furthermore, "bakeries" are one of the hazardous trades, businesses, and occupations expressly

named in paragraph "a" of subsection 2 of section 1 of Act No. 20 of 1914, as covered by the statute.

(2) The Supreme Court and this court have also held that failing to obey a municipal traffic ordinance regulating the safety of life or limb is not a breach of the statutory regulation provided for in section 28 of Act No. 20 of 1914 because that provision relates to a state law and not a municipal ordinance. Consequently the violation of a traffic ordinance by the deceased in operating the truck at an excessive speed is not a defense. Plick, Wife of Adams, v. Toye Bros. Auto & Taxicab Co., 169 La. 44, 124 So. 140; Plick v. Toye Bros. Auto & Taxicab Co., Inc., supra.

(3) There is nothing in the record to show that the deceased deliberately failed to apply the pedal or emergency brakes. The only evidence on this issue is the testimony of one of the defendant's witnesses that the boy was driving at about fifty miles an hour at the time he ran into the post and made no effort to put on the brakes in order to avoid the collision. The most that can be said for this evidence is that it shows that the boy negligently failed to apply the brakes, but certainly would not be sufficient to prove the special defense that he deliberately failed to apply the brakes within the meaning of the provisions of section 28 of Act 20 of 1914.

(4) The record is barren of any evidence tending to show that the boy willfully intended to injure himself by running into the post. This contention is without merit, because, conceding that the boy was guilty of gross negligence, it cannot be said that he willfully injured himself, or willfully took his life. Negligence on the part of an employee is expressly excluded as a defense by the compensation act.

(5) It is true that surviving parents are not persons presumed, under the provisions of the compensation law to be wholly dependent upon a deceased son for support, and that such persons as plaintiff must prove dependency by a preponderance of evidence in compensation cases. Edwards et ux. v. Standard Gin & Mfg. Co., 12 La. App. 153, 125 So. 593; paragraphs (A), (B), (C) and (D) of subsection 2 of section 1 of Act No. 242 of 1928, amending section 8 of Act No. 20 of 1914. But the question of whether or not the plaintiff was wholly dependent upon her son for support presents an issue of fact, which was resolved by the trial court in favor of the mother, and, after reading the record, we are convinced of the correctness of this conclusion because the evidence shows that the mother was a widow for ten years, had two minor daughters dependent upon her for support, and that her minor son gave her his entire wages of $12 a week, all of the members of the family living in the same residence. Plick v. Toye Bros. Auto & Taxicab Co., supra; Chauvin v. American Mutual Liability Ins. Co., 17 La. App. 187, 134 So. 450, 454.

(A) The argument that, in computing the amount of compensation, an allowance for the living expenses of the deceased should be deducted from the amount of his contributions to his dependent mother, is without merit. This court, in the case of Chauvin v. American Mutual Liability Ins. Co., supra, decided that issue adversely to defendant's position herein. The court said:

"The law, for reasons which have been often stated, is designed to make up, to the extent mentioned in the act, the income derived from the deceased wage earner, and does not concern itself with the manner in which the dependent expended the funds contributed. Our conclusion is that the basis of computing the compensation due plaintiff is the full

amount of his weekly contribution." See, also, Plick v. Toye Bros. Auto & Taxicab Co., supra.

(B) As to the contention made in this court by defendant that the amount of $150 allowed for funeral expenses should be reduced to $100, the record shows that the funeral bill and incidentals amounted to the sum of $296, which sum was paid by the mother out of a small life industrial insurance policy on the life of deceased. Paragraph 5 of section 8 of Act No. 242 of 1928, p. 388, amending section 8 of Act No. 20 of 1914 and Act No. 85 of 1926, provides as follows:

"* * * In every case of death, the employer shall pay or cause to be paid reasonable expenses of the burial of the employee, not to exceed $100.00 and the reasonable contingent expenses in connection therewith not to exceed $50.00."

The plaintiff prayed for $150 covering these items, and the evidence shows that, under this provision of the act, she is entitled to recover the same.

For the reasons assigned the judgment appealed from is affirmed.

JANVIER, J. (dissenting). I agree with all my associates have said, except that I am not prepared to say that in all cases in which a child, who is a wage-earner, lives with a parent and turns over to the parent the child's entire earnings, the whole amount should be considered as a contribution to the parent.

In determining what amount is contribution and what amount is payment for value received where the wage-earner is furnished lodging and meals by the parent, there should be deducted from the total amount handed to the parent a sum representing a fair value of the board and lodging, the remainder would represent the contribution to the parent. The fact that it

may be difficult to determine what is a fair value for board and lodging does not alter the legal situation.

Let us assume that a son earning $25 per week lives with his mother, and, by agreement, pays her $10 a week as board, and contributes the other $15 a week to her for herself. It is plain that in determining the amount of compensation to which the mother would be entitled, if the son should be killed in the course of, and by accident arising out of, his employment, the sum paid as board should not be considered as a contribution to the support of the mother. If, however, under identically the same facts, the son and the mother should tentatively understand that they would not agree on any amount as representing a fair value of the board furnished to the son, then, under the view of my associates, the whole $25 per week, which the son had handed to his mother prior to his death, would be considered as a contribution to her. Such conclusion I believe to be unsound.

There is, I concede, in other states, some authority for the view of my associates, but I do not find that in this state the question has as yet been settled.

In Chauvin v. American Mutual Life Insurance Co., 17 La. App. 187, 134 So. 450, in which the question was discussed, the deceased wage-earner had not lived at his mother's home, but, as I stated in my concurring opinion, spent "only a small portion of his time there."

Boudreaux v. Myles Salt Co., 11 La. App. 480, 123 So. 907, is not authority contrary to my presently expressed views, for there the question was whether there should be deducted for the purpose of computing prior contribution, not the value of the board and lodging furnished the deceased himself, but

the value of board and lodging furnished to other minor children. It is true that since, under article 227 of the Civil Code, the parent is obliged to maintain and support the child, any one who furnishes maintenance and support to the child is thus assisting the parent in fulfilling the aforementioned obligation, and may be said to be contributing to the parent. However, where it is the child himself who is both furnishing to the parent the financial assistance and receiving from the parent maintenance and support produced by his own earnings, it cannot legally be said that all that such child turns over to the parent is a contribution to the parent, as I concede it would be if produced by some one else who was not also receiving maintenance and support from the parent.

Where the contribution furnished is used for other children for whose support and maintenance the parent is, under the article of the Code, obligated, then all of the contribution may be said to be made to the parent.

In fixing the amount to which, under the compensation law, the parent is entitled when deprived of the support which, prior to the death of his child, he had been receiving from the child, the lawmakers intended that we should not be concerned with any other amount than that which represents the financial loss which the parent has sustained. But if, as I have said, A gives B money, and B returns part of it in the shape of board, the total amount given does not represent a donation or a contribution, part of it is payment for the board.

In the judgment, which is by the majority decree affirmed, the amount which defendant is condemned to pay each week is higher than it should be in my opinion, and I therefore respectfully dissent.