## LEWIS et al. v. SOUTHERN ADVANCE BAG & PAPER CO. et al. *
### No. 4512.

Court of Appeal of Louisiana. Second Circuit.
April 28, 1933.

*Rehearing denied June 5, 1933.

533

Elder & Elder, of Ruston, for appellants.

H. W. Ayres, of Jonesboro, for appellees.

DREW, Judge.

Plaintiffs sued to recover compensation for the death of their minor son, Levi Lewis, who was admittedly killed on June 6, 1932, while employed by defendant, in an accident arising in the course of and out of his employment. At the time of his death, he was living with his parents. He was never married and left no descendants. Plaintiffs alleged they were actually and wholly dependent on the deceased, and prayed for judgment in the sum of 65 per cent. of his weekly wage, alleged to be $17.50 per week.

On the 13th day of September, plaintiffs had issued a writ of subpœna duces tecum, directing and ordering the defendant Southern Advance Bag & Paper Company, Inc., to produce in open court on the 15th day of September, 1932, at the hour of 9 o'clock a.

m., the pay rolls, pay sheets, time rolls, and records of employment, and rate of pay of Levi Lewis from January 22, 1932, to and including July 6, 1932. The application for the writ alleged that plaintiffs intended to prove by said documents that Levi Lewis at the time of his death was earning an average weekly wage of not less than $17.50 per week.

The writ was served on the Southern Advance Bag & Paper Company, Inc., on the 13th day of September. The other defendant, Union Indemnity Company, was not cited, nor was the writ directed to it.

On September 15, 1932, trial was had, and plaintiffs offered no evidence in chief as to the weekly wage of Levi Lewis, but, after putting on other evidence, swore the clerk of court, who testified that no answer had been filed to the writ of subpœna duces tecum. Plaintiffs then offered the petition, affidavit, and order for the writ. At this time defendants asked for time to get the documents. Counsel for defendants asked for an extension of time of one hour within which to furnish the documents called for in the writ, stating to the court that he was unaware of this writ until a short time before going into the trial of the case. The court ruled as follows:

"Due to the fact that there are two defendants and due to the fact that the attorneys didn't know about it, the time in which they are permitted to file this record is extended and returnable at 1:30."

This all took place at the morning session of court, and at 1:30 on the same day defendant Southern Advance Bag & Paper Company, Inc., filed in court the documents prayed for in the application for the writ, and the writ was ordered discharged by the court. The case was then proceeded with until the conclusion of the evidence.

The court found from the evidence that the plaintiffs were wholly and actually dependent upon Levi Lewis, their minor son, for support, and that he was providing that support wholly out of his income; that deceased worked for defendant from January 22, 1932, until June 7, 1932, under one contract of employment, at which time he was changed to a different job at a different rate of pay and worked under this last contract of employment from June 7, 1932, until July 6, 1932, at which time he was killed; that his rate of pay at the time of his death was 15 cents per hour, and, by a certain method of calculation, found deceased's weekly wage to be $9.78 per week at the time he was killed, and awarded plaintiffs judgment in the amount of 65 per cent. of $9.78 per week, for a period of 300 weeks, beginning July 6, 1932, with 5 per cent. per annum interest on each weekly payment from maturity until paid.

Defendants have appealed from this judgment and plaintiffs have answered the appeal praying that the judgment be increased to 65 per cent. of $17.50 per week for a period of 300 weeks. The answer to the appeal was filed March 11, 1933, and on March 29, 1933, plaintiffs and appellees filed a motion to dismiss the appeal as to defendant Union Indemnity Company, alleging that, since judgment was rendered below, the Union Indemnity Company has been dissolved by an order of court on the application of the state of Louisiana and its corporate existence terminated by a judgment of court, a copy of which is attached to the motion. Whether appellees would have any standing in court to dismiss the appeal after answering the appeal and praying for an increase in the amount of judgment is unnecessary to decide, as the receivers of the Union Indemnity Company, by virtue of authority granted them by the court, dissolving the corporate existence of the Union Indemnity Company, have come into this court before trial and prayed to be made parties defendants in the stead of the Union Indemnity Company, and by order of this court, have been substituted as parties defendants. The motion to dismiss is therefore overruled.

Appellees' answer to the appeal and prayer for increase in judgment is based upon the alleged error of the trial court in extending the return time on the writ of subpœna duces tecum. Appellees contend the lower court was without right to extend the time of the return on said writ, and that, when appellant Southern Advance Bag & Paper Company, Inc., failed to answer the writ at 9 o'clock a. m., on September 15, 1932, the weekly wage of $17.50 which appellees allege they intended to prove by the production of the documents ordered to be produced, was confessed. On application for rehearing, the lower court disposed of their contention in a written opinion in the following language:

"On the trial of the case the plaintiffs offered no proof of the wage Levi Lewis was earning at the time of his death. The last offering they made, before closing, was the writ of subpœna duces tecum directed to said defendant and the returns thereon. At this point counsel for defendants informed the court that until the said offering was made they had had no information that such an order had been issued. They requested that they be given time to communicate with defendant, Southern Advance Bag & Paper Company, Inc., and to file an answer to the writ. Their explanation of their failure to file an answer being both reasonable and satisfactory to the court, the time by which they might file an answer was extended to 1:30 o'clock P. M. It was then 11:00 o'clock A. M.

"There is no contention on the part of plaintiffs that the payrolls and time sheets produced and filed by defendants did not and does not correctly show the time worked and the rate of pay received by the deceased. It was within the discretion of the court to grant the extension of time requested. It was granted in the interest of justice and there can be no doubt that justice was done thereby. Plaintiffs' motion for a rehearing is, therefore, overruled."

The lower court's holding is correct. However, under our finding on the facts in this case, the amount of weekly wage of deceased is immaterial to the decision.

Defendants, in their brief, state their contentions as follows:

"I. First, can an able bodied man about forty years of age be actually dependent on a 19-years old boy? Can a woman, presumably able bodied and in good health, having an able bodied husband, be actually dependent on her minor son?

"II. Second, assuming (for the sake of argument only) that a son is supporting his father and mother without assistance from other persons, can the father and mother be said to be wholly and actually dependent on this son if they have a minor daughter living with her parents and earning more than the son, but who fails to discharge her duty to support her needy parents, assuming that the parents are in need? In other words, if the parents are also dependent on the daughter (even though she fails to relieve the dependency) can it be said that they are wholly dependent on the son?

"III. Defendants next raise the point that since the deceased was barely making enough to support himself, and that since the amount of contributions to his family would not be more than enough to pay his own board, that the parents can be allowed nothing.

"IV. Fourth, if the first three questions are answered in favor of plaintiffs, can it be said under the facts of this case, that these plaintiffs were wholly dependent on the son or were they only partially dependent?

"V. Fifth, if the parents were wholly dependent on their son, has the trial judge adopted the correct method of computing the compensation payable in this case?

"VI. The sixth and last question is, did the trial judge abuse his discretion in granting the defendants additional time within which to file an answer to the writ of subpœna duces tecum?

"(The trial court has taken the total amount the deceased earned over a period of a month,—the time he had worked in the pulp mill—divided that amount by the number of days the deceased actually worked during that time and has then multiplied that average amount by six simply because the factory operates six days a week. By this method of figuring the court has arrived at

the astounding result that sixty-five per centum (65%) of the deceased's wages amount to almost as much as the total amount (i. e., one hundred per centum) of the wages actually was. In other words, the parents have been awarded $6.36 per week when the son earned only $6.50 per week.)"

The contention of defendant, numbered II and IV, will be treated together.

The V contention of defendant is not material to a decision of this case, under our finding under contentions II and IV.·

Contention VI of defendant has been disposed of heretofore in dealing with the answer of appellees to the appeal. It therefore follows that a determination of the contentions numbered I, III, and II and IV, will determine the case.

■ The first contention of defendant is put by them in the form of a question, and we answer in the affirmative, under authority of the following cases: Cauthorn et al. v. Cypress Tank Co., 1 La. App. 100; Nelson v. Henderson Iron Wks. & Supply Co., 1 La. App. 332; Ludger Rome et al. v. Mexican Pet. Corp., 3 La. App. 523; Gregory v. Standard Oil Co., 151 La. 228, 91 So. 717; Hamilton v. Texas Company, 151 La. 692, 92 So. 301.

■ The third contention, that deceased was making barely enough to pay his board, therefore, after deducting a reasonable amount for his board, plaintiffs would have received nothing from him for their support, is not good. The late jurisprudence of this state is that, in computing compensation recoverable by parents, partially dependent on son who resided with them at the time of his death, deceased's living expenses, such as board and lodging, could not be deducted from the amount of his contribution to his parents. Galt v. Travelers' Ins. Co. (La. App.) 141 So. 105; Chauvin v. American Mutual Liability Ins. Co., 17 La. App. 187, 134 So. 450, writ refused by Supreme Court; Lemmler et al. v. Fabacher, 19 La. App. 144, 139 So. 683.

■ Contentions II and IV merely raise the question as to whether plaintiffs were wholly or partially actually dependent upon the deceased. We are convinced that they were only partially actually dependent upon the deceased for support. The deceased in his new job, from the date of its beginning, June 7th, until his death, July 6th, had only earned $31.05, and, if we deduct the last week, which was for only three days, we find he earned $27.45 over a period of five weeks, or approximately $5.49 a week, which is hardly a sufficient amount to clothe and feed three people. We also find that plaintiffs were being furnished a house to live in, by a brother of one of plaintiffs; that they had sold some chickens, had a garden which at least partial-ly supplied the table, and that plaintiffs had sold some of the vegetables; the minor daughter, who was living with plaintiffs, was working and earning more than the deceased; that she bought her own clothes and was paying a back debt for board, which was contracted while attending school at Louisiana Tech. The earnings of the minor daughter belonged to her parents (Civil Code, art. 229), and the obligation to clothe her and to pay her board while at school likewise was an obligation of her parents. When she clothed herself and paid her board, she was contributing to the support of her parents.

The father of deceased was a middle-aged man, in his 40's, and in good health, and had worked for the Conservation Commission at a salary of $75 per month up until the middle of January, 1932. Since that time he had been in the hide business, working with borrowed capital, and had lost on the venture. At the time of his son's death, he was out of employment.

Under the facts above related, we cannot find that plaintiffs were wholly actually dependent upon deceased for support. They were partially actually dependent upon him.

The record discloses that deceased prior to his death contributed to the support of his parents; that he bought some groceries, and his mother and father received from the commissary of defendant company some trade books, used to buy necessities of life. It is shown that between the dates of February 20, 1932, and July 2, 1932, there were $23 worth of trade books drawn against Levi Lewis' account with the defendant company. Two grocers testified that he bought small amounts of groceries from them during that period. The record fails to show just what part of his wages was used to assist in the support of his parents, and the amounts actually shown will not justify a judgment for a greater amount than the minimum allowed under the Compensation Act, which is $3 per week, and for which amount plaintiffs are entitled to judgment.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be amended by reducing the amount of the judgment in favor of plaintiffs, from $6.37 per week for a period of 300 weeks, beginning July 6, 1932, to $3 per week for 300 weeks, beginning July 6, 1932, with 5 per centum per annum interest on each weekly payment from its maturity until paid. It is further amended by substituting the receivers for the Union Indemnity Company, i. e., Clay W. Beckner and S. Sandford Levy, as parties defendant instead of the Union Indemnity Company, and, as amended, that the judgment of the lower court be affirmed.