Plaintiff alleges that he was employed by the defendant to work in the store and market operated by the defendant, and that his duties were to do whatever he was told to do by the defendant in the operation of the store and market; that some of the duties performed by him were to open oysters, grind meat on an electrically operated meat grinder, and take the grinder apart and clean it; clean out the coffee mill, cook dog meat on a furnace over a fire, and work flower beds with a hoe in the yard; sweep the store and dust the merchandise on the shelves, deliver merchandise on foot for the store, and do various other things in connection with the operation of the store and market, and in the operation of the machinery and electrical appliances which were ordinarily and customarily used in the operation of the store.
He alleges that on or about November 25, 1939, while opening oysters in the course of his employment, he cut his right hand and forefinger on an oyster shell; that his hand became infected from the cut, and chronic osteomyelitis developed, making it necessary to remove the index finger of his right hand; that he has become totally and permanently disabled by reason of said injury. He sues for compensation at the rate of $3.90 per week for four hundred weeks.
Defendant filed an exception of no cause or right of action which was overruled. He then answered denying that plaintiff was employed by him, but alleged that his wife employed plaintiff on a temporary basis to work in her yard and garden. He admits that plaintiff was required to sweep the floor in the store and dust the merchandise, but denies that plaintiff was required to open oysters or operate the meat grinder and coffee mill. While he denies that plaintiff was employed to open oysters, he admits that plaintiff might have done so voluntarily. He also denies that plaintiff was injured and suffers any disability, and denies that he was employed to do any hazardous work.
The trial resulted in a judgment in favor of the defendant, dismissing plaintiff's suit, and he has appealed.
The plaintiff evidently seeks to bring his claim for compensation under the principle laid down by the courts that an employe is entitled to compensation where he is injured in performing nonhazardous duties, if his duties require him to perform both hazardous and nonhazardous work. In other words, he alleges and so testified that he was required to feed and clean the electric meat grinder in connection with sweeping out the store, opening oysters and in doing other nonhazardous duties around the store.
He has shown with reasonable certainty that he cut his finger while opening oysters in defendant's market and that a piece of oyster shell stuck in his finger from which infection set up, resulting in osteomyelitis and the final loss of his finger.
We deem it unnecessary in this case to enter upon a full discussion of the rather unsettled state of our jurisprudence as to the relative extent of hazardous duties as compared to nonhazardous duties an employe must be performing in order for him *Page 681 
or his dependents to recover compensation where his employment requires him to perform both hazardous and nonhazardous work and where he is injured while performing nonhazardous services. Suffice it to say that we do observe in what was said in the case of Brownfield v. Southern Amusement Co., Inc., et al.,196 La. 73, 74, 198 So. 656, a tendency to modify somewhat the holding in the case of Byas v. Hotel Bentley, Inc., 157 La. 1030,103 So. 303, 304, wherein the court said: "In the present case, plaintiff's husband was admittedly engaged in both hazardous and nonhazardous branches of his employer's business. It was all one employment for which he received but one compensation. Therefore, it is immaterial whether his nonhazardous duties constituted his major employment to which his hazardous duties were merely incidental, or vice versa. The fact remains that the deceased met his death while actually engaged in performing duties, whether main or incidental, called for by his employment."
In the Brownfield case on the original hearing, the court held that where an employe is injured while performing nonhazardous work, and his duties require him to perform both hazardous and nonhazardous services, in order for him to recover compensation his hazardous duties must be a material, if not a major, part of his duties and not merely incidental thereto. In other words, if as a matter of fact, the plaintiff in the present case was required occasionally to operate the meat grinder (assuming that to be hazardous work) the question might arise as to whether or not that work was a material and major part of his duties. A rehearing was granted in the Brownfield case, but the case was compromised before a decision was rendered on the second hearing, and we do not know the grounds on which the rehearing was granted.
It is conceded that the operation of a store and market is a nonhazardous business in itself. Nor can it be seriously contended that the kind of work plaintiff was doing when injured was hazardous in nature. If, therefore, plaintiff was required as a part of his duties occasionally to grind sausage meat on a small electrically operated meat grinder and clean this grinder, the question would then arise as to whether or not this was a material and major part of his duties and whether or not such work could be classed as hazardous.
Plaintiff testified that he would sometimes force meat through the mouth of the sausage grinder; that once or twice a day he would take the meat grinder and the coffee mill apart and wash them and put them back together; that he swept the store, delivered to customers, washed windows and worked flowers for defendant's wife. There were no witnesses to corroborate plaintiff's testimony relative to feeding the sausage grinder and cleaning the grinder and the coffee mill. The defendant testified that plaintiff was hired to work in the yard; that he swept the store and volunteered on several occasions to open oysters, and cleaned up around the back yard and cooked some dog food. He denied that plaintiff ever fed the meat grinder or cleaned the grinder and coffee mill. He said that this was done by himself, his wife or his boy who worked in the store. Defendant's testimony is corroborated in the main by that of his wife.
Learned counsel for plaintiff point out two or three apparently inconsistent statements of the defendant and would have us disregard or give little weight to his testimony on that account. We do not think these apparently inconsistent statements are of sufficient importance to seriously affect his testimony on the vital issues in the case, particularly in view of the fact that his testimony on these points is supported by that of his wife who seems to have worked in the store also.
Since the pleadings show that an electric meat grinder and a coffee mill were operated in the store and market in which plaintiff worked and that he was required to work around this machinery, counsel for plaintiff contend that this fact makes his injury compensable under our holding in the case of Scott v. Dalton Co., Inc., et al., 1 So.2d 412, regardless of whether or not the proof shows that he was required to operate this machinery. We do not think our decision in that case supports such a position. That case involved an appeal from a judgment which sustained an exception of no cause or right of action. The petition alleged that the plaintiff was employed, among other things, to operate a dish washing machine and an electrically driven dumb-waiter in a restaurant, and we held that proof should be admitted under these allegations in order to show the nature of the duties which the employe was required to perform and the manner in which he was injured, leaving it to the *Page 682 
court to determine from the evidence whether or not his duties were hazardous or nonhazardous.
Our conclusion is that plaintiff has failed to prove with legal certainty that part of his duties required him to operate and clean the meat grinder, and in any event, if he did occasionally feed and clean this small meat grinder, that this was a major and material part of his employment so as to make it hazardous within the meaning of the law.
For the reasons assigned, the judgment appealed from is hereby affirmed.