Plaintiff brought this action to recover from his employer, Telismare Belaire, and the American Employers' Insurance Company, his employer's compensation insurer, compensation at the rate of $20 per week for a period of not exceeding four hundred weeks, for total and permanent injury alleged to have resulted from personal injuries sustained while in the scope and course of his employment.
Plaintiff alleges that on May 2, 1945, the alleged date of the accident, his employer was the owner and operator of a business known as "Belaire Drive-Inn" in the City of Lake Charles and that the operation of said business entailed the continuous use of an automobile in hauling merchandise, including cases of beer which had to be stacked in a store room, and the operation of electrical machinery which included three electrical motors, two thirty-six (36) inch suction fans and an electrical cooler, and a large furnace which had to be lighted with gas. The last item was abandoned for the reason that the evidence showed that this furnace was installed after the accident.
He alleges that his duties were to supervise the entire business in the event of his employer's absence, to operate his employer's or his own automobile, to unload merchandise therefrom, to oil, take care *Page 529 
of and operate the electrical machinery, plug and unplug said electrical machines, and perform services at and around said machines.
After alleging his average weekly wages, 65% of which would allow the maximum of compensation per week, he describes the alleged accident as happening when reaching, while standing an his tip-toes, with both hands above his head, for and taking hold of a case of beer on a stack and giving the case of beer a jerk, his collar bone was fractured or misplaced.
The defendants first filed an exception of no right or cause of action, which exception was referred to the merits, and, secondly, filed a joint answer in which they admitted that defendant Belaire owned and operated the business of "Belaire Drive-Inn"; that plaintiff complained to defendant of having sustained an injury to his shoulder; that plaintiff was referred to a physician, who made an examination of the plaintiff, but that plaintiff remained in the employ of defendant Belaire and did not cease to perform his accustomed duties, receiving therefor his full weekly wages, until defendant Belaire ceased to own and operate the said "Inn." Otherwise, they denied all of plaintiff's allegations.
The trial of the case resulted in a judgment for plaintiff and against the defendants for the maximum compensation during disability not exceeding 400 weeks. Defendants have appealed. Plaintiff has answered the appeal, praying for a penalty of five per cent. on the amount due contending that the appeal was taken for delay and is frivolous.
As stated by the defendants, there are but two questions for decision, viz.:
"1. Under the pleadings and facts, was the business of the employer and the duties of the plaintiff in connection therewith such as to entitle plaintiff to relief under the Compensation Act?
2. Do the injuries which the plaintiff suffered totally disable him from performing the same sort of duties as were being performed by him at the time of the accident?"
We shall discuss these questions in the order named.
The evidence shows that defendant owned and operated a place of business known as "Belaire Drive-Inn" in the City of take Charles, which said business was a restaurant and, in connection therewith, a soft drink and beer bar. In the place of business, there were two suction fans powered by electrical motors which had to be plugged in when operated, and plugged out when not in operation, and three other electrical motors which were used to operate the compressors which cooled the refrigerators used in connection with the business. The defendant daily used an automobile in connection with his business to haul merchandise from the various warehouses and wholesale businesses in the City of his place of business for resale or use. Plaintiff was assistant to the defendant and his duties consisted of waiting on the trade, keeping the ice boxes filled with various beverages, operating, by plugging in the electrical cords, the fans and oiling of all the motors, the unloading of all merchandise from the automobile and to place such merchandise in the store room, and in the absence of the owner, to use the automobile of the owner, occasionally his own, to haul merchandise as might be needed to conduct the business. Also, in the absence of the owner, plaintiff had the entire supervision of the operation of the business. Plaintiff was injured by reaching above his head as high as he could, lifting a case of beer from the top of a stack, which handling or removing of the case of beer was a part of his regular duties.
[1] We again have that rather unsettled question of what makes a business hazardous when such business is a non-hazardous business in itself, because it must be conceded that the operation of a restaurant and beer bar is not hazardous per se. If we are to find that the defendant's business was partly non-hazardous and partly hazardous, we must find that what made it hazardous was the operation of these suction fans and the electrical motors and the use of an automobile, coming under the omnibus clause of Section 1, Sub-Section 2, of the Compensation Act, Act No. 20 of 1914, as amended, which in part reads as follows: "the construction, installation, operation, alteration, removal or repair of *Page 530 
wires, cables, switchboards or apparatus charged with electrical current. * * * installation, repair, erection, removal or operation of boilers, furnaces, engines and other forms of machinery."
As to the suction fans and the five electrical motors, it is to be noted that these appliances are generally found, today, in all restaurants and soft drink stands. The evidence shows that he did take care of them occasionally, such as oiling the fans and motors, and the plugging in of the electrical cords whenever necessary; he did whatever necessary maintenance work there was to be done in order to maintain the machinery used in connection with the business. The presence of these suction fans and electrical motors in the place of business and the services performed by the plaintiff to them were not, we believe, sufficient to bring defendants' business within the language of the act quoted supra. However, conceding that these fans and electrical motors come within the purview of the act so as to make it hazardous within the purview of the law, yet the evidence shows that the services performed by plaintiff occupied very little of plaintiff's time and were merely incidental and were not a major and material part of plaintiff's employment, but merely incidental thereto. See Brown v. Toler, La. App., 19 So.2d 680.
As to the automobile, the situation is different. The operation of motor vehicles was early held, in Haddad v. Commercial Truck Company, 146 La. 897, 898, 84 So. 197, 9 A.L.R. 1380, to characterize the business as hazardous and thus bring the operators under the protection of the act. The basis of the coverage was not the dangers that arise from traffic hazards such as collision or upset, but rather the concept of danger arising from association with and operation of an engine and other forms of machinery as provided in the so called omnibus clause, viz: "The installation, repair, erection, removal or operation of boilers, furnaces, engines and otherforms of machinery." (Italics ours.) We grant that in that case, the plaintiff's husband was fatally injured while actually operating the truck, and that the rule thus established has been applied to cover an injury sustained by the driver while operating the vehicle. See Plick v. Toye Bros. Auto Taxicab Co., 169 La. 44, 124 So. 140; Lemmler v. Fabacher, 19 La. App. 144, 139 So. 683. In these cases, it may be said that the operation of the motor vehicle was a substantial and integral part of the employer's business.
[2] In the case at bar, we find that the use of the automobile was a substantial and integral part of his employer's business in that it was constantly and daily used by the employer or the plaintiff in hauling necessary supplies for the conduct of the business. It was a substantial and integral part of plaintiff's duties to drive either his employer's or his own car in the absence of the owner of the business in order to replenish the stock and conduct the business. We are therefore of the opinion that the defendant's business can be classified as hazardous and non-hazardous and that plaintiff's employment consisted of performing services or duties under both classifications. We are of the further opinion that the driving of the automobile, under the facts of this case, was a major and material part of plaintiff's employment.
[3] It is now well settled in this State that where an employee is engaged in both hazardous and non-hazardous work in the same employment, his injury is compensable though it may occur in the performance of a non-hazardous portion of his work. Byas v. Hotel Bentley, Inc., 157 La. 1030, 103 So. 303.
In the case of Collins v. Spielman, 200 La. 586, 8 So.2d 608, the Supreme Court had the question presented for consideration whether or not the defendant was engaged in a hazardous business within the meaning and contemplation of subsection (a), paragraph 2, of Section 1 of the Compensation Act, under the following facts: "The plaintiff was employed by the defendant as a general farm hand from 1935 until January 18, 1940, fourteen days after the occurrence of the accident, at which time he was discharged. He was required to do any and all kind of work about the place when directed so to do by his employer. For this he was paid a daily wage of $1.05, and, in addition, was furnished with a two-room house as living quarters, *Page 531 
as well as all of his water and wood. When the plaintiff was required to do nothing but milk and feed the cows, he was paid at the rate of 40¢ a day. While it is not clear whether this 40¢ was in addition to the $1.05 a day, we gather from the testimony as a whole that if he worked by the day, he did the milking and all other work required of him for the stipulated price of $1.05. During the farming season the plaintiff was required to operate a tractor. He was also required to deliver the milk three times a week by truck. He was permitted to farm approximately two acres of land for himself, on which he raised an average of two bales of cotton a year, or some corn, half of the proceeds of the sale of these commodities being paid to his employer, the defendant.
"The injury which gave rise to this suit resulted when a stick which plaintiff was using to drive the defendant's cows into the dairy barn for milking broke off, hitting him in the eye."
In that case, it is stated: "This court has held that farming is not a hazardous occupation per se. Shipp v. Bordelon,152 La. 795, 94 So. 399; Robichaux v. Realty Operators, Inc.,195 La. 70, 196 So. 23, and Robinson v. Atkinson, 198 La. 238,3 So.2d 604. Nor is the operation of a dairy so classified. Rayburn v. DeMoss, 194 La. 175, 193 So. 579. But this court, as well as the courts of appeal of this state, have held that while the main business or occupation of the employer is neither hazardous per se nor so declared to be by the act, an employee may be considered to come under the act if in connection with the principal business or occupation, or incidental thereto, the employer conducts a subsidiary line of business that is hazardous, or when there is used in connectionwith such business machinery or other hazardous appliances orequipment" (italics ours), citing Byas v. Hotel Bentley, supra; Rayburn v. DeMoss, supra; Stockstill v. Sears-Roebuck Co., La. App., 151 So. 822, and Staples v. Henderson Jersey Farms, Inc., La. App., 181 So. 48.
Since plaintiff was required to operate a tractor during the farming season and to drive a truck in delivering the milk fromthe dairy the Supreme Court held, under the doctrine of Haddad v. Commercial Motor Truck Co., supra, that plaintiff was entitled to compensation. It was emphatic in its reaffirmation of both Byas and Haddad cases.
Since plaintiff, in our case, had to drive an automobile in getting the merchandise to properly operate defendant's business, we see no distinction between our case and the Collins case. Accordingly, we must hold that plaintiff is entitled to compensation.
We now pass to the second question in the case. Defendants concede that plaintiff sustained a rupture of the capsule surrounding the joint between the collar bone and the sternum and that as a result thereof, he suffers an impairment in the use of his right arm. However, they contend that such impairment does not interfere substantially with the plaintiff's ability to perform the duties he was employed to perform and therefore he is not totally and permanently disabled.
Without repeating the duties or services performed by the plaintiff, we are of the opinion that plaintiff's work cannot be classified as arduous or hard manual labor, unless it be the removal of beer cases, weighing about 50 pounds, from the automobile to the place of business and the stacking of said cases, and then the unstacking of the cases whenever it was necessary to replenish the refrigerator. All of the other services performed by the plaintiff consisted of light work. The evidence preponderates to the effect that plaintiff, after the accident, could not lift heavy objects or lift his arms above his head. His disability to perform the service with regard to the lifting and the reaching above his head for the beer cases was recognized by his employer in that his employer hired extra help to perform such services. After his employer sold out the business, his new employer did not retain him, giving as his reason therefor the inability of plaintiff to perform all of his duties. The evidence satisfies us that he has lost the use of his right arm in the lifting of heavy objects or the reaching for objects above his head, unless the joint between the collar bone *Page 532 
and the sternum is surgically and completely repaired, which, according to the preponderance of medical testimony is doubtful.
[4, 5] The test to be applied in compensation cases to determine whether claimant is totally and permanently disabled is whether the claimant is capable of performing the work of the occupation which he was engaged in at the time of the injury. Hecht v. Higgins Industries, Inc., La. App.25 So.2d 351; Butzman v. Delta Shipbuilding Company, La. App.,21 So.2d 80; Stieffel v. Valentine Sugars, Inc., 188 La. 1091,179 So. 6; Stovall v. American Employers In3. Co., La. App.,26 So.2d 321. Applying that test to the facts of this case, we must hold that plaintiff was at the time of the trial of the case totally and permanently disabled to do the work for which he was employed to do and was doing at the time of his injury.
[6] While this cause was pending in the court, the plaintiff, William A. Richardson, died, intestate, on March 19, 1947, leaving Mrs. Cecelia Richardson as his widow and Bryant E. Richardson, Melvin L. Richardson, Edwin Richardson, and Claude A. Richardson, all majors as his sole and only heirs. On April 19, 1947, there was judgment recognizing the widow as such and such named parties as heirs of the decedent, sending the widow into possession of one-half undivided interest in her own right and the usufruct of the other undivided half interest in the plaintiff's claim for compensation was included, and an undivided 1/8 to each of the said heirs (subject to the usufruct of the widow). On motion, the widow and heirs were substituted and made parties plaintiff. Since plaintiff was entitled to compensation to the date of his death, his claim was inherited in accordance with the judgment sending them in possession. The judgment will have to be recast.
[7] We find no merit in plaintiff's demand, in answer to the appeal, for a penalty of five per cent. The appeal was not taken merely for delay.
For these reasons assigned it is ordered, adjudged and decreed that there be judgment in favor of Mrs. Cecelia Richardson, in her own right of one-half of the award herein and as usufructuary of the other half as widow of William A. Richardson, and in favor of Claude A. Richardson, Melvin L. Richardson, Bryant E. Richardson and Edwin J. Richardson, in the proportion of one-eighth (1/8) to each of said award, subject to the widow's claim of usufruct, as above, and against American Employers' Ins. Co., and T. Belaire, in solido, for compensation, the award being in the sum of $20 per week, beginning on February 1, 1946, for a period ending on March 19, 1947, the date of death of the claimant employee.
It is further ordered that all compensation payments shall bear five per cent. per annum interest from maturity, until paid.
In all other respects the judgment appealed from is affirmed. *Page 871