## BARKER et al. v. OUACHITA ICE & UTILITIES CO. et al.[*]
### No. 4648.

Court of Appeal of Louisiana. Second Circuit.

Dec. 1, 1933.

Hawthorn, Stafford & Pitts, of Alexandria, for appellants.

Hugh Tullis and J. M. Reeves, both of Vidalia, for appellees.

MILLS, Judge.

The wife and minor children of Clifford V. Barker claim compensation under the provisions of the Workmen's Compensation Act (No. 20 of 1914, as amended) for the accidental death of their husband and father by electrocution on the 20th day of March, 1932, while working for the defendant company. There being no dispute as to liability or the period for which compensation is payable, the only remaining issue is as to the amount of compensation.

The testimony shows that at the time of his death and for about six months prior thereto Barker was employed to work when and as needed at the rate of 35 cents per hour to make repairs on an electric power line. That on these occasions he only worked the time necessary to complete the repairs. That when not so employed he worked for others at his trade as an electrician.

The lower court found that if employed regularly, deceased's full day would have been ten hours, which, at the rate of 35 cents per hour, would have made a daily wage of $3.50; and that plaintiffs were entitled to compensation based on a seven-day week. Plaintiffs do not complain, though the testimony establishes a day of eleven hours, nor does defendant complain of the seven-day weekly allowance, though only a six-day week is prayed for.

Whatever confusion may have existed in our jurisprudence as to what constitutes the "daily rate of pay at which the service rendered by the injured employee is recompensed under the contract of hiring in force at the time of the injury," as provided in the act as finally amended by Act No. 242 of 1928, is now dissipated by the decision of our Supreme Court in the case of Rylander v. T. Smith & Son, Inc., 177 La. 716, 149 So. 434, which, after reviewing the jurisprudence, squarely holds that the daily rate of pay of the man working intermittently, as in this case, is not what he actually earned, but what he would have earned if employed for a full working day.

The judgment of the lower court is therefore affirmed.