3 So.2d 604

**ROBINSON v. ATKINSON.**

No. 36170.

June 30, 1941.

Rehearing Denied July 18, 1941.

Robert J. Newson, of Shreveport, for applicant.

F. E. Greer, Alex F. Smith, and C. C. Richmond, all of Shreveport, for respondents.

O'NIELL, Chief Justice.·

The plaintiff is suing for compensation under the Employers' Liability Act, and in the alternative for 'damages for personal injuries. The district court allowed the claim for compensation, but the court of appeal reversed the judgment and rejected the plaintiff's demand. The court of appeal held that the defendant's business, being that of farming, in the course of which business the plaintiff was performing services arising out of and incidental to his employment at the time of the accident, was not a hazardous business or occupation, within the definition given in the Employers' Liability Act, Act No. 20 of 1914, p. 44, and hence that the statute was not applicable to the case. The court rejected the demand for damages for tort because there was no showing of fault or negligence on the part of the defendant. The plaintiff has brought the case here on a writ of review.

The defendant owns and operates a cotton farm of several hundred acres. The plaintiff was an ordinary farm hand earning $1.25 a day at the time of the accident.

He was operating a machine which his attorney calls an ensilage harvester, which the attorneys for the defendant call a hay cutter, and which some of the witnesses call a feed mill.

From the description and photograph in the record the apparatus seems to be a large and complicated machine, almost as large and complicated as a rice thresher. The function of the machine is to chop up and store away green feed for livestock. It is mounted on four wheels and is moved from one place in the field to another by means of a tractor. When placed in position for cutting and storing the feed the machine is disconnected from the tractor and blocked up and made stationary. It is connected then by means of a belt on a driving pulley on the tractor, and the gasoline engine on the tractor furnishes the power for operating the feed cutter. There is a large fan, perhaps three or four feet in diameter, which serves to blow the chopped-up feed into the storage house or bin. There are several small storage houses or bins distributed over the field. The fan or blower is encased in sheet metal, on the front of which is a handhole, about six inches in diameter, closed by a sliding door. The machine was chopping and storing sorghum at the time of the accident. The plaintiff had been operating the machine, with the aid of several other field hands, from Monday morning until Saturday morning, when the accident happened. For some unexplained reason he put his right hand into the handhole in the cover of the fan or blower, and suffered the loss of his index finger and middle finger, and injury to his thumb.

■■ The only question in the case is whether the defendant's occupation, in the course of which the plaintiff was performing services arising out of and incidental to his employment at the time of the accident, was a hazardous occupation, in the meaning of the Employers' Liability Act, Subsection 2 (a) of Section 1 of Act No. 20 of 1914. This court has decided that farming is not a hazardous occupation, per se, or in the ordinary understanding of men. See Shipp v. Bordelon, 152 La. 795, 94 So. 399, and Robichaux v. Realty Operators, Inc., 195 La. 70, 196 So. 23. But the business or occupation of farming, and particularly the harvesting end of the business, may entail the use of dangerous machinery and thus be a hazardous occupation with reference to the employees working near such machinery. In this connection we observe that, in the list of hazardous occupations enumerated in Subsection 2 (a) of Section 1 of the Employers' Liability Act, Act No. 20 of 1914, is mentioned the operation of "harvesting machinery, threshing machines, cotton gins" et cetera. Harvesting machinery, therefore, is in the same category with threshing machines and cotton gins, so far as they are considered dangerous machinery. Harvesting machinery and threshing machines, in Louisiana, are employed only on farms and as a part of the business or occupation of farming. It is not likely that the authors of the Employers' Liability Act contemplated that operating harvesting machinery or threshing machines would be carried on as a

separate and independant business, or by one not engaged in the business or occupation of farming. In addition to this reason why we have concluded that this case is governed by the Employers' Liability Act, we observe that the list of hazardous occupations enumerated in Subsection 2 (a) of Section 1 of the statute ends with this general phrase: "Any occupation entailing the * * * operation of * * * engines and other forms of machinery." The engine having the horsepower necessary to drive an ordinary tractor, and to operate the machinery which caused the injury in this instance, is in every sense of the word an engine; and the machine with which the plaintiff was performing services arising out of and incidental to his employment in the course of the defendant's business or occupation is in the category of "other forms of machinery".

Our conclusion therefore is that the case is governed by the Employers' Liability Act and hence that the judgment of the district court is correct and should be reinstated and affirmed.

The case is not affected by the fact that the machine which caused the injury was borrowed by the defendant from a neighbor and was used only five days on the defendant's farm before the accident happened.

The judgment of the court of appeal is annulled and the judgment rendered by the district court, allowing the plaintiff compensation under the Employers' Liability Act, is now reinstated and affirmed and made the judgment of this court. The defendant is to pay all court costs.