8 So.2d 608

COLLINS v. SPIELMAN.

No. 36574.

May 25, 1942.

Shapiro & Shapiro, of Alexandria, for applicant.

T. A. Carter and J. M. Shevnin, both of Alexandria, for respondents.

FOURNET, Justice.

This is a suit to recover compensation for the loss of an eye, suffered while the

plaintiff was performing his duties arising out of and incidental to his employment, and is before us on a writ of certiorari for a review of the judgment of the Court of Appeal for the Second Circuit, 8 So.2d 606, reversing the judgment of the lower court awarding the plaintiff compensation for 100 weeks at $2.79 a week.

The record shows that the plaintiff was employed by the defendant as a general farm hand from 1935 until January 18, 1940, fourteen days after the occurrence of the accident, at which time he was discharged. He was required to do any and all kind of work about the place when directed so to do by his employer. For this he was paid a daily wage of $1.05, and, in addition, was furnished with a two-room house as living quarters, as well as all of his water and wood. When the plaintiff was required to do nothing but milk and feed the cows, he was paid at the rate of 40¢ a day. While it is not clear whether this 40¢ was in addition to the $1.05 a day, we gather from the testimony as a whole that if he worked by the day, he did the milking and all other work required of him for the stipulated price of $1.05. During the farming season the plaintiff was required to operate a tractor. He was also required to deliver the milk three times a week by truck. He was permitted to farm approximately two acres of land for himself, on which he raised an average of two bales of cotton a year, or some corn, half of the proceeds of the sale of these commodities being paid to his employer, the defendant.

The injury which gave rise to this suit resulted when a stick which plaintiff was using to drive the defendant's cows into the dairy barn for milking broke off, hitting him in the eye.

The question that is presented for our consideration is whether or not the defendant was engaged in a hazardous business within the meaning and contemplation of sub-section (a), paragraph 2, of Section 1 of Act No. 20 of 1914, as amended.

This court has held that farming is not a hazardous occupation per se. Shipp v. Bordelon, 152 La. 795, 94 So. 399; Robichaux v. Realty Operators, Inc., 195 La. 70, 196 So. 23, and Robinson v. Atkinson, 198 La. 238, 3 So.2d 604. Nor is the operation of a dairy so classified. Rayburn v. De Moss, 194 La. 175, 193 So. 579. But this court, as well as the courts of appeal of this state, have held that while the main business or occupation of the employer is neither hazardous per se nor so declared to be by the act, an employee may be considered to come under the act if in connection with the principal business or occupation, or incidental thereto, the employer conducts a subsidiary line of business that is hazardous, or when there is used in connection with such business machinery or other hazardous appliances or equipment. Byas v. Hotel Bentley, Inc., 157 La. 1030, 103 So. 303; Rayburn v. De Moss, supra; Stockstill v. Sears-Roebuck & Co., La.App., 151 So. 822, and Staples v. Henderson Jersey Farms, Inc., La.App., 181 So. 48.

In the Staples case, the Court of Appeal for the Second Circuit, relying on the Byas case, held, as a well-settled point of law, that when an employee is required to perform services in both hazardous and non-

hazardous departments or branches of a business, he may recover compensation even though at the time he is injured he was performing services in the nonhazardous branch thereof. See, also, Youngblood v. Colfax Motor Co., Inc., 12 La.App. 415, 125 So. 883.

In the instant case the Court of Appeal recognized the existence of the authorities just referred to and admitted its inability to distinguish them from the case at bar, but it declined to follow this line of jurisprudence, being of the opinion that it had never been the intention of the legislature to extend the provisions of the compensation act to all classes of employment, particularly "the small farmer or small merchant."

■ We are unable to agree with the appellate court for, as pointed out in this opinion, the plaintiff here was required to operate a tractor during the farming season and to drive a truck in delivering the milk from the dairy. Both of these vehicles are motor driven and, under the doctrine laid down in the case of Haddad v. Commercial Motor Truck Co., 146 La. 897, 84 So. 197, 9 A.L.R. 1380, are classified as hazardous. Consequently, the plaintiff was entitled to compensation for the loss of his right eye under Section 8 of Act No. 20 of 1914, as amended by Act No. 242 of 1928, in the light of the decisions herein referred to. The decisions which have developed this line of jurisprudence, beginning with the Byas case, which was decided in 1924, have remained unchanged by legislative action and no sound reason for our deviation therefrom has been advanced in this case.

The Court of Appeal also pointed out in its opinion that while the lower court had found the plaintiff's weekly wage to amount to $4.29, it had awarded him the sum of only $2.79 a week, being 65% of that amount, which was erroneous under the compensation law, which expressly provides that where an employee's wages exceed $3 a week, his compensation may not be fixed at any amount less than $3 a week. It is only when an employee's wages are less than $3 a week that the amount may be computed accordingly. Section 8 of Act No. 20 of 1914, as amended, Section 4398 of Dart's Statutes.

In answering the appeal taken by the defendant in this case, the plaintiff asked that the judgment of the lower court be increased from $2.79 a week for 100 weeks, the amount awarded, to $5.75 a week, this being 65% of $8.85, which amount was arrived at by adding to $6.30 (the daily wage of $1.05 multiplied by the six-day week) the amount of $1.25 for house rent, 50¢ for free wood, and 80¢ for milking the cows on Saturdays and Sundays.

■ According to the facts in this case, the plaintiff was not primarily engaged as a sharecropper but, as was declared by the defendant when called by the plaintiff to testify under cross-examination, as a "general farm hand, helping in the dairy and whatever I had for him to do," and "In connection with that work I might say that he was a sharecropper also * * *." His daily rate of pay was $1.05 when he worked the entire day, but when he only milked the cows and worked around the dairy, he was paid 40¢ a day. In addi-

tion to this he was given a house to live in, the rental value of which was shown to be $1.25 a week, and was furnished his wood, valued at 50¢ a week. Consequently, in determining his base pay for the purpose of computing his compensation under the act, we must be governed by the amount he would have earned each week had he been regularly employed and not by the amount that he actually earned. Rylander v. T. Smith & Son, 177 La. 716, 149 So. 434; Barker v. Ouachita Ice & Utilities Co., La. App., 151 So. 103; Jones v. Southern Advance Bag & Paper Co., La.App., 157 So. 754; Franklin v. J. P. Floria & Co., Inc., La.App., 158 So. 591. At the rate of $1.05 a day for a six-day week, to which should be added the rental value of the house and the value of the wood furnished (Haas v. Globe Indemnity Co., 16 La.App. 180, 132 So. 246. See, also, New Fort Pierce Hotel Co. v. Gorley, 137 Fla. 345, 188 So. 340) we find that his base pay for the week was $8.05. Plaintiff is therefore entitled to compensation at the rate of 65% of that amount, or $5.23 a week for a period of 100 weeks.

For the reasons assigned, the judgment of the Court of Appeal for the Second Circuit is annulled and set aside and the judgment of the lower court is amended by increasing the amount awarded to the plaintiff from $2.79 a week to $5.23 a week, for a period of 100 weeks, and, as thus amended, the judgment is affirmed; defendant to pay all costs.

ODOM, J., dissents.