Plaintiff is appealing from a judgment of the lower court dismissing his demand for compensation on an exception of no cause and no right of action.
Plaintiff, according to the allegations of his petition, was employed by defendant to solicit insurance and collect premiums on what is commonly called industrial insurance policies.
In an effort to bring defendant under the omnibus clause, Sec. 1, par. 2(a) of Act No. 20 of 1914, as amended, he alleges that it is engaged in what is known as industrial life insurance business, and that in conducting said business it employs a large number of persons in the cities, towns and villages throughout the State as solicitors and collectors, who solicit the public, particularly the poor and those in moderate circumstances, to buy life and other forms of insurance at small weekly, bi-weekly and monthly premium rates, which are collected as they fall due, and that some of the solicitors and collectors, referred to also as agents, use automobiles, street cars and trolleys and other conveyances, and some of them do their work, except on rare occasions, entirely on foot.
That all of the agents, including plaintiff, are required by the nature of their work to be on the streets and highways daily, thereby being exposed to the hazards and risks of the streets and highways, and the motor traffic thereof, to a much greater degree than is the public at large; that said agents, including plaintiff, are required to be so exposed on the roads, streets and alleys for 30 to 40 hours each week, in all *Page 529 
kinds of weather and in the nighttime as well as daytime, in the cities, towns and villages and the rural sections of the State as well.
That many of the agents, including plaintiff, are required by the nature of the business of defendant, to go out on the roads, etc., public and private, particularly in the negro sections, in order to solicit and collect, both day and night, thereby subjecting them to greater hazards than is the public at large; that such hazards and dangers arise out of the essential nature of defendant's business, and is therefore hazardous within the meaning of the compensation law.
That in the city of Shreveport, the territory of agents is divided in districts or routes and an agent or agents assigned to each district; that on and prior to April 10, 1944, plaintiff was employed by and working for the defendant as a solicitor and collector, his district comprising Texas avenue, Jordan street, Pierre avenue, Laurel street, and Milan street, mostly populated by negroes; that it was necessary for him to go out and be upon the streets, alleys, sidewalks, paved and unpaved, in all kinds of weather, both in day and nighttime, 30 to 40 hours per week, thereby subjecting him to the hazards of motor and vehicular traffic to a far greater degree than the general public; that it was necessary that he either walk, drive a car or ride on a trolley or street car or other hazardous conveyance, subjecting him to greater hazards and risks than the general public. And he concludes from the foregoing allegations that his occupation was hazardous within the meaning of the compensation law.
He alleges that on April 10, 1944, while performing the duties of his occupation by collecting a premium from an occupant of 737 Williams street, Shreveport, at which time or shortly thereto it was raining, he slipped and fell, as a result of which he sustained a fracture of his right leg, and that partly because of the nature of the injury and partly on account of his advanced age, the injury has never properly healed and he is totally and permanently disabled to do any work that requires him to walk or stand for long periods of time.
He alleges that at the time of his accident and injury he was earning $35 per week, and he demands compensation at the rate of $20 per week, for the period of his disability, not to exceed 400 weeks, and medical expense of $500, less payments of $25 per week made to him for the period ending December 31, 1944, being 38 weeks.
This demand was met with an exception of no right and no cause of action, which was sustained and his suit dismissed.
We have been favored with exhaustive briefs on behalf of both plaintiff and defendant, and a supplemental brief for defendant, which we have read with interest; however, we are of the opinion that the case is much simpler than the voluminous briefs indicate. In fact, the sole question is whether or not the petition sets forth a right and a cause of action; in other words, if plaintiff is able to prove every allegation of fact contained in the petition, will he be entitled to judgment?
Counsel for plaintiff says in brief that because of a misprint in Dart's Statutes, § 4391, purporting to be a verbatim copy of the provisions of Sec. 1 of Act. No. 20 of 1914, plaintiff was led into relying in his pleadings, to a large extent upon a liberal interpretation of that section of the Act, a favorable interpretation or "reading" of the clause involved having already been advanced by the Supreme Court in Robinson v. Atkinson, 198 La. 238, 3 So.2d 604. The portion of the Statute involved, as printed in Dart's Statutes, reads as follows: "* * * Any occupation entailing the manufacture, transportation, care of, use of, or regular proximity to dangerous quantities of gunpowder, dynamite, nitroglycerine and other like dangerous explosives, the installation, repair, erection, removal or operation of boilers, furnaces, engines and other forms of machinery. * * *"
As actually adopted by Legislature, and as printed in the Acts there is a period instead of a comma after the word "explosives" and a new sentence is begun. Counsel contends that if in fact the word *Page 530 
"explosives" was followed by a comma instead of a period, it would serve, if liberally construed, to bring many businesses within the operation of the Statute, which may be so. For instance, it might then be read this way: "Any occupation entailing * * * 'regular proximity' to the installation, repair, erection, removal or operation of boilers, furnaces, engines and other forms of machinery." Even if this be conceded, plaintiff has not alleged that he is compelled to be in "regular proximity" to any form of machinery, unless it be automobiles, street cars, etc., on the streets.
We have read again the case of Robinson v. Atkinson, supra, and find that the facts of that case are far removed from the facts alleged in plaintiff's petition. In the Robinson case the plaintiff was actually operating a feed chopper powered by a tractor, and the Court held, as it had held before in other cases cited in the opinion that the occupation of farming is not hazardous per se, but, that part of it in which Robinson was engaged was in fact hazardous.
[1, 2] It is further argued that the lower court failed to take into proper consideration certain allegations of the petition and the possibility of certain proof which plaintiff can make in support of such allegations, and in support of the general allegation that defendant is engaged in a hazardous occupation. This last allegation, of course, is a conclusion of the pleader, based on his conception that the other allegations of the petition justify the conclusion. It would be immaterial whether plaintiff in so many words had alleged that the business of the defendant is hazardous, if he had alleged the facts to show that it is hazardous, or that certain phases of it are hazardous. In our opinion, he has not alleged such facts. Franz v. Sun Indemnity Co. of N.Y., La. App.Orl.App.,7 So.2d 636, has been cited as a case holding that where the operation of automobiles and other motor driven vehicles is a necessary part of the business of the employer the compensation statute applies and the employer is liable. We are in full accord with such finding, and if the plaintiff's petition in this case contained allegations leading to the conclusion that the operation of automobiles and other motor driven vehicles is a necessary part of defendant's business, then it might be held that at least that part of the business requiring such use is hazardous. Let us look at the only allegations of the petition referring to automobiles. In paragraph three he says: "That some of said solicitors and collectors, sometimes hereinafter referred to as agents, use automobiles, street cars and trolleys and at other times other conveyances in performing their work, and some of said agents perform the same, except on rare occasions, entirely on foot."
And in paragraph eleven it is alleged: "that in order to go to, from and along his said route or district it was necessary that he either walk, drive a car or ride on a street car or trolley, or other hazardous conveyances, thereby subjecting him to the hazards and risks thereof to a far greater degree than is the public at large."
Plaintiff was on foot at the time of the accident and injury, and the only theory on which he can hope to recover is that he was exposed to greater hazards than the general public, by reason of his constant use of the streets, alleys and roads in his district.
Finally, plaintiff says in brief that he is in position to prove, and that it is admissible without specific allegation, that under defendant's system of doing business it was the duty of plaintiff's immediate superior to travel over plaintiff's district at regular short intervals, and that for such purpose his superior used an automobile to transport himself and plaintiff over the route, which automobile was probably owned, but at all events, operated solely by defendant through such superior and for defendant's sole benefit.
[3] We are of the opinion that in cases where the business of the employer is not named in the act as being hazardous, and where ordinarily it could not be classified as hazardous per se, that then it is necessary to allege facts from which the conclusion may be fairly drawn, that it is in fact hazardous, and that the employee had some duties that were hazardous, though as said in Byas v. Hotel Bentley, Inc., *Page 531 157 La. 1030, 103 So. 303, if the employee performs both hazardous and nonhazardous duties, it matters not that he was injured while engaged in nonhazardous duties.
[4] In Franz v. Sun Indemnity Co., of N.Y., supra, practically all the cases cited and relied on by plaintiff are discussed, and many of them are favorable to the contentions made, if the petition contained allegations to admit of proof, and while it is true that the rules of evidence and to some extent of pleadings, is relaxed in compensation cases, so as to allow the injured employee the benefits of the compensation statute, still, the petition should apprise the defendant of the nature of the evidence he is expected to meet.
[5] We are in accord with the views expressed in West v. Ray,210 La. 25, 26, So.2d 221, 223, to the effect that "technical objections and harsh rules of pleading which would dispose of litigants' cases without a hearing on the merits have never been favored under Louisiana law."
[6] These views, we hold, are subject to the rule that a plaintiff is required to allege facts, which if proven by a clear preponderance of the evidence, will support judgment in his favor. We are of the opinion that the petition in this case falls short of this requirement.
For the reasons assigned the judgment appealed from is affirmed at the cost of appellant in both courts.