GLADNEY, Judge.
The plaintiff, Oliver Norris, and defendant, R. C. Hargis, have both appealed from a judgment which awarded workmen’s compensation in the amount of $11.70 per week for a period of twenty-six weeks, beginning July 14, 1953.
Plaintiff alleged he was a share cropper on the farm of defendant and when not otherwise engaged in making his crop was employed as a day laborer performing various functions about the farm, including driving of a tractor and working around motorized equipment; that on July 14, 1953, while performing services for which his daily rate of pay was $3, he sustained an injury to his ankle which has rendered him totally and permanently disabled. It is admitted by defendant that plaintiff sustained a fractured ankle while employed by him as a day laborer but it is asserted the injury was followed by an uneventful recovery and was entirely healed after the lapse of twenty-six weeks. The defendant also contends plaintiff’s employment was of a nonhazardous nature and does not come within the purview of the Workmen’s Compensation Act, LSA-R.S. 23 :- 1021 et seq.; hence he denies any liability on account of said injury.
Defendant’s farm, which was leased, included four hundred ninety-nine acres, of which approximately three hundred fifty acres were open or cultivatable land and *61 a considerable portion of this was used for the purpose of grazing cattle. Defendant, in connection with his operations used on occasions three tractors, a combine, a power mowing machine, a power hay rake, a manure spreader, trucks and other mechanical equipment.
During the calendar year 1953 Oliver Norris, a colored tenant farmer, lived in a house on the farm and he and his family raised a crop of cotton and corn which they worked under the usual share cropper’s arrangement whereby one-half of what was produced was theirs and the other one-half went to Hargis. The testimony conclusively shows that at various times plaintiff drove a tractor and on other occasions rode on trucks and tractors. Other duties required that he work around and close to the mechanically powered units used in the farm work.
On July 14, 1953, while employed by defendant as a day laborer, plaintiff and his son, Willie, were cleaning out a barn for the defendant. In the operation Willie Norris backed the manure spreader, which was attached to a tractor, into the barn where it was loaded manually by Oliver Norris. While plaintiff was thus engaged he picked up a post upon which there was wire, and, in doing so, he fell, the post striking him on the right foot and fracturing his ankle. Following this accident Oliver Norris was taken to see Dr. Bennett N. Sewell at Boyce where his ankle was placed in a cast. After the passage of a number of weeks Dr. Sewell removed the cast from plaintiff’s ankle and discharged him, as fully recovered. Following the release by Dr. Sewell, plaintiff was paid for various types of work by the defendant until a controversy arose, after which plaintiff was asked to leave the property and some time thereafter this suit was filed on December 14, 1953. During the days on which plaintiff worked he was paid wages. Defendant has paid the medical expenses incurred by reason of the injury.
Plaintiff testified that after he returned to the farm he really was unable to work except with considerable pain and that his ankle continues to bother him.
In the lower court, as before this court, two defenses were presented. The first of these is that the employment in which Oliver Norris was engaged is not classified as a hazardous occupation under the provisions of the Workmen’s Compensation Act and that at the time of injury plaintiff was engaged in simply shoveling manure into a manure spreader and, therefore, it is reasoned the task he was performing was of a non-hazardous nature. The second contention is that Norris completely recovered from the fracture sustained on July 14, 1953, and no disability resulted after an uneventful recovery.
The first contention of the defense can not be sustained. It is well settled in our jurisprudence that although a business is not specifically designated as hazardous in the Workmen’s Compensation Act, it becomes hazardous if motor vehicles or other mechanical equipment are used in connection with its operations. Thus, in Speed v. Page, La.App.1952, 59 So.2d 138, affirmed 222 La. 529, 62 So.2d 824, it was held that the provisions of the Act were intended to protect an employee when he is engaged in employment with reference to, in connection with, incident to, or in promotion of, his employer’s trade, business or occupation, and it was not intended that the employee’s right of recovery be restricted to those instances in which injury was sustained in the performance of the regular course of the employer’s business, trade or occupation. See also: Collins v. Spielman, 1942, 200 La. 586, 8 So.2d 608; Griffin v. Catherine Sugar Company, Inc., 1951, 219 La. 846, 54 So.2d 121; Troquille v. Lacaze’s Estate, La.App.1952, 59 So.2d 505. From the foregoing authorities we find that plaintiff’s accident occurred within the scope of the Workmen’s Compensation Act.
The only medical evidence produced on behalf of Oliver Norris was a letter written by Dr. W. H. Pierson who examined plaintiff on December 8, 1953, and in which he *62 states that his X-rays revealed callus formation producing spurs and exostosis of the ankle joint which will permanently disable him and that at the time of the examination he found plaintiff’s ankle stiff, sore and weak. His expression of opinion ■does not relate his findings as to the fracture sustained on July 14, 1951. The report of Dr. Bennett M. Sewell, placed in the record by stipulation, was to the effect that when plaintiff was discharged there was no resulting disability. Dr. Sewell said plaintiff experienced an uneventful recovery and upon further examination after the suit was instituted, found no change in his condition. Plaintiff was also examined by Dr. Daniel Kingsley, orthopedic surgeon of Alexandria, Louisiana, who testified that the fracture which plaintiff sustained on July 14th was entirely healed and there was no residual disability. He stated, however, that plaintiff’s foot and ankle indicated old arthritis present to a marked degree and which had produced callus formation including spurs, prior to the accident, but that these findings were in no wise related to the fracture and he could discover no aggravation of the arthritis. Lay evidence on behalf of plaintiff consisted solely of the testimony of his son, Willie, who lived with him, who said his father complained of his foot and could not properly use it. Some 'testimony was given by Mrs. R. C. Hargis and Mrs. Johnnie Sparrow, to the effect that they had observed plaintiff not using ■crutches during part of the time he said he was constantly doing so.
We find that plaintiff sustained a fracture as alleged and that said injury was entirely healed within the time for which he was awarded judgment for compensation. It is also our opinion that any disability in his right foot, if such presently exists, is the result of chronic arthritis to a marked degree, or severe, as testified to by Dr. Kingsley. There seems to have been no relationship between the arthritis and the fracture of July 14, 1953, and according to Dr. Kingsley’s testimony there has been no aggravation of the arthritis by reason of the trauma suffered by plaintiff. The testimony of Dr. Kingsley explains the finding of Dr. Pierson.
For the above reasons we are convinced there is no error in the judgment from which appealed, and the same is hereby affirmed.