LANDRY, Judge.
This case is before us on appeal from the judgment of the trial court sustaining defendant’s exception of no cause of action levelled at plaintiff’s petition seeking recovery of benefits under the Workmen’s Compensation Laws of this state for injuries allegedly received in the course of plaintiff’s employment as a stock room clerk by defendant D. R. Ourso, doing business as Ourso and Company, operator of a retail department store consisting of grocery, hardware and dry goods department with a warehouse in connection therewith.
In his petition, as supplemented and: amended, plaintiff alleges defendant’s business to be hazardous for the following reasons: (1) It constitutes operation of a “warehouse” as defined in our compensation law, more particularly LSA-R.S. 23 :- 1035 which expressly classifies the operation of a warehouse as a hazardous undertaking; (2) In the course of plaintiff’s, principal duties (consisting of working in, defendant’s warehouse) plaintiff is frequently required to use a hand cart or “dolly” (a two wheeled, hand operated contrivance designed to assist in the moving of heavy, bulky objects) ; (3) Plaintiff’s duties *369 frequently require that he load and unload merchandise from defendant’s trucks into and from defendant’s warehouse as well as load trucks for deliveries to be made to customers all of which necessitates his frequent contact with such motor vehicles and his working in close proximity thereto .(it is not alleged, however, that plaintiff is required to operate or ride in or upon said trucks); (4) Plaintiff’s duties necessitate use of a dangerous instrumentality, namely, a “case cutter”, a device alleged to consist of a handle into which a razor blade may be inserted in such manner that one-quarter of an inch of the blade protrudes therefrom as a cutting edge for opening cartons of merchandise; (5) That plaintiff was exposed to traffic hazards inasmuch as his duties require carrying packages from defendant’s store to customer’s automobiles in a parking lot situated across the street from defendant’s establishment and (6) That in using the hand cart or “dolly” plaintiff is required to lift, handle and move about extremely large objects of considerable weight and bulk all of which entails extremely arduous physical exertion. Alternatively, plaintiff pleads estoppel against defendant Travelers Insurance Company predicated upon Act 495 of 1958 (LSA-R.S. Title 23:1166) which stipulates that an insurer issuing a policy of insurance to an employer covering claims for injuries to employees arising within the scope of the employer’s business is estopped to deny liability thereunder on the ground the employment was not hazardous.
In considering first the plea of es-toppel interposed by learned counsel for plaintiff against defendant Travelers Insurance Company, we note the petition avers the accident sued upon occurred July 20, 1954, on which occasion a case of Clorox plaintiff was in the act of moving fell upon plaintiff’s foot and produced the disability for which plaintiff seeks benefits herein. Plaintiff concedes the policy under which defendant Travelers is sought to be held liable in these proceedings was issued prior to the effective date of Act 495 of 1958, from which it follows that, unless the provisions of said act are found to be retroactive in effect, plaintiff’s plea of estoppel is without merit. Learned counsel for plaintiff argues that the act should be liberally interpreted in accordance with the well established jurisprudence that workmen’s compensation laws shall be generously construed so as to extend rather than restrict the right of workmen to recover thereunder. It suffices to say the issue thus presented for determination has previously been resolved adversely to the contention of learned counsel for plaintiff. In Hymel v. Employers Liability Assurance Corp., Ltd. of G. B., La.App., 113 So.2d 481, our brothers of the second circuit expressly held the statute in question was not retrospective in operation. We agree with the views therein expressed as we find nothing in the statute indicative of legislative intent the courts should apply the provisions thereof retroactively. For the reasons stated, we find the trial court properly overruled plaintiff’s plea of estoppel.
Under our Workmen’s Compensation Laws (and the jurisprudence interpreting same) it is the settled law of this state that the benefits therein provided may be availed of only by an employee engaged in one of the hazardous occupations specifically enumerated in LSA-R.S. 23:1035 or some other business not mentioned therein but determined by the courts to be hazardous in nature. In addition, there is that line of decisions (commencing with Byas v. Hotel Bentley, Inc., 157 La. 1030, 103 So. 303), wherein recovery of compensation is permitted when, even though the primary business of the employer is non-hazardous, the employee is, in the course of his duties compelled to come into contact with hazardous aspects thereof.
Learned counsel for plaintiff argues first that the operation of a retail grocery, department store and meat market by defendant Ourso together with the warehouse maintained in conjunction therewith characterizes the business as hazardous inas *370 much as LSA-R.S. 23:1035 specifically classifies operation of a “warehouse” a hazardous undertaking. Secondly, he maintains that if defendant’s primary business be held non-hazardous, plaintiff is nevertheless entitled to compensation under the rule of the Byas case, supra, considering plaintiff’s duties were hazardous for the reasons herein-above set forth.
Counsel for plaintiff concedes the operation of a retail mercantile business is not specifically declared hazardous under the provisions of LSA-R.S. 23:1035. He argues, however, that because defendant operates a warehouse in conjunction with its business and plaintiff’s principal duties were confined to work therein, defendant Ourso should be adjudged to be in the business of operating a warehouse within the meaning and intendment of the term as used in the quoted codal authority. We find this argument completely without merit because operation of a retail mercantile business has previously been adjudged to be of a primarily non-hazardous nature. Wells v. Morgan & Lindsey, La.App., 42 So.2d 282; Harrington v. Franklin’s Stores, La.App., 55 So.2d 647; Talbot v. Trinity Universal Ins. Co., La.App., 99 So.2d 811. The fact that the operator of such an enterprise maintains a private warehouse in conjunction therewith does not constitute the un-dertalcing the operation of a “warehouse” within the meaning of the term “warehouse” as employed in LSA-R.S. 23:1035. The term “warehouse” as used therein has been construed to mean a “warehouse” operated for profit wherein goods of third persons are stored for profit. There is no allegation in the petition that defendant Ourso is engaged in operating a public warehouse in which goods are stored for the public and fees charged therefor. The conducting of private storage or warehouse facilities exclusively for the storing of one’s own goods in connection with one’s own retail mercantile business does not constitute operation of a “warehouse” of the character denoted as hazardous by our compensation law. Caldwell v. George Sproull Co., La.App., 164 So. 651; Wells v. Morgan & Lindsey, Inc., La.App., 42 So.2d 282; Fields v. General Casualty Co. of America, La.App., 36 So.2d 843.
Since the decision in Byas v. Hotel Bentley, supra, (handed down in 1924), the jurisprudence of this state has been to the effect that where an employee is injured in a business neither specifically declared hazardous by our compensation laws nor found hazardous by the courts, if an employee of such business is required to perform services of a hazardous nature directly associated with the employer’s business such an employee, if injured, is entitled to compensation even though injured while performing services of a non-hazardous nature. The aforesaid rule of the Byas case, supra, has been affirmed on innumerable subsequent occasions. For example see Reagor v. First National Life Ins. Co., La.App., 28 So.2d 527, amended 212 La. 789, 33 So.2d 521; Fontenot v. Fontenot, 234 La. 480, 100 So.2d 477; Luce v. New Hotel Monteleone, Inc., 234 La. 1075, 102 So.2d 461; Talbot v. Trinity Universal Ins. Co., La.App., 99 So.2d 811.
In Fontenot v. Fontenot, supra [234 La. 480, 100 So.2d 480], the rule is succinctly set forth as follows:
“Broadly stated, the jurisprudence in Louisiana, in cases of this kind, is to the effect that where an employer’s main or primary business is nonhazardous but some features of it partake of a hazardous nature and one of his employees is engaged in both parts of the work, his injury may be compensable even though it should occur when he is engaged in the performance of his duties in the nonhazardous part. But, as stated, he must be engaged in both features of the work or at least it should appear that his services are occasionally connected either directly or indirectly with the hazardous part of the business.”
*371 Having concluded defendant’s primary business (operation of a retail grocery, department store and meat market) to be non-hazardous the next issue for decision is whether or not performance of services of a hazardous nature incidental to said primary non-hazardous business forms a substantial part of plaintiff’s duties. The rule is otherwise well stated in Malone, Workmen’s Compensation Law and Practice, by Professor Wex S. Malone, at Page 116, Section 98 as follows:
“ * * * An employee who at the time of the injury is performing nonhazardous work is not entitled to compensation unless: (1) His general duties (although not hazardous) constitute a part of the principal physical operation of a business which the act specifically designates as hazardous, or (2) the performance of hazardous work is a substantial part of his duties in any business that can be classified as hazardous.” Malone, Workmen’s Compensation Law and Practice, p. 116, Sec. 98.
The allegation that plaintiff is required to perform arduous labor in hauling weighty, cumbersome articles requiring extreme physical exertion does not characterize such duties as hazardous. Rester v. Community Stores, Inc., La.App., 169 So. 183.
The question of whether operation of a two-wheeled hand truck or “dolly” falls within the category of services hazardous in nature appears res nova in this state. Counsel for plaintiff cites decisions of other jurisdictions wherein such work has been adjudged hazardous but said authorities are not necessarily binding upon the courts of this state even though predicated upon státutes similar to our own. The courts of this state reserve such findings to their own initial judgment although decisions of other jurisdictions on the subject matter will, of course, be considered in arriving at any conclusion reached. Upon careful consideration of the issue involved we conclude the use of such equipment (admittedly not mechanically powered or operated) involves nothing more than hard manual labor comparable to that incident to the handling of large heavy objects which, in the Rester case, supra, has been held nonhazardous. Having been called üpon to decide the question as a matter of first impression we find the use of such equipment does not come within the classification of services hazardous in scope.
Nor does exposure to danger and hazards of motor vehicular traffic on streets and highways render an employee’s services hazardous. Horton v. Western Union Telegraph Co., La.App., 200 So. 44; Reagor v. First National Life Ins. Co., La.App., 28 So.2d 527.
That plaintiff is sometimes required to use a “case cutter” in opening cartons and packages containing merchandise does not, in our opinion, characterize his employment as hazardous. The petition describes a “case cutter” as a handled device so designed that a razor blade may be inserted therein in such fashion that a quarter inch of the blade will remain exposed for use in cutting and opening packing cases without damage to the merchandise therein. Counsel for plaintiff has cited no authority holding use of such an instrument to be hazardous and in our own judgment employment of such a contrivance does not appear to involve hazard or risk any greater than that involved were plaintiff to use an ordinary pocket knife for the same purpose. We hold therefore, use of a case cutter as described in plaintiff’s petition involves work of a non-hazardous nature.
The only remaining issue (as well as the only serious one presented herein) is whether the services allegedly performed by plaintiff in loading and unloading trucks is a hazardous aspect or incident of defendant’s primary non-hazardous business. In this regard it is significant to note the petition does not allege plaintiff is required to ride in or upon the trucks but merely that he is frequently required to help load and *372 unload such motor vehicles in the course of his employment.
The question thus presented for decision is but one of the many facets of a most interesting and complex issue. Whether or not an employee in an essentially non-hazardous business, who, as a regular incident of his employment is required to load and unload, ride in or upon, or work or come in contact with motor vehicles operated by his employer, comes within the protection of our Workmen’s Compensation Act is a matter that has long perplexed the judiciary of this state.
The conflict between the views expressed by this court in Tregre v. Kratzer, La.App., 148 So. 271, and Lewis v. A. Moresi Co., La.App., 196 So. 70, and those expounded by our brothers of the Fourth Circuit (formerly Orleans) in Crews v. Levitan Smart Shops, La.App., 171 So. 608, Comeaux v. South Coast Corporation, La.App., 175 So. 177 and Franz v. Sun Indemnity Co. of New York, La.App., 7 So.2d 636 (involving the right of an employee to compensation for injury received while being transported to or from work on a vehicle furnished by his employer) have been resolved by the Supreme Court of this state in Griffin v. Catherine Sugar Co., 219 La. 846, 54 So.2d 121, 122. In the Griffin case, supra, which held that a cane field employee, injured while returning from work on the back of a trailer towed by a truck, was entitled to compensation, we find the following language:
“On this phase of the case it is obvious that the primary questions for our determination are (1) whether a business, such as farming, that is not hazardous per se under the provisions of the act, can be said to be brought within its purview because of the employment of motor vehicles in the transportation of farm laborers, and (2) whether an injury suffered during transportation to and from work in vehicles furnished by the employer can be said to arise out of and in the course of the employment.
“There appears to be a conflict between the courts of appeal with respect to the first of these questions, the Court of Appeal for the Parish of Orleans holding that the transportation of workers in motor vehicles does make a business hazardous within the contemplation of the compensation statute. Crews v. Levitan Smart Shops, 171 So. 608; Comeaux v. South Coast Corporation, 175 So. 177; Franz v. Sun Indemnity Co. of New York, 7 So.2d 636, while the Court of Appeal for the First Circuit takes the view that it does not. Tregre v. Kratzer, 148 So. 271; Lewis v. A. Moresi Co., 196 So. 70. This court, it is contended, has never squarely passed on the question.
“Ever since the decision of this court in the case of Haddad v. Commercial Motor Truck Co., 146 La. 897, 84 So. 197, 9 A.L.R. 1380, a business that is not specifically designated as hazardous in the act becomes hazardous if motor vehicles are used in connection with its operation, the court taking the position in that case that the driving of such a vehicle not only involves the operation of an engine, which is specifically made hazardous by the act, but also that the entire vehicle must be regarded as a ‘machine/ which is expressly covered by the act. And, since the decision of this court in Byas v. Hotel Bentley, Inc., 157 La. 1030, 103 So. 303, an employee who performs duties in both the hazardous and nonhazardous phases of the employer’s business is entitled to recover compensation regardless in which phase he was engaged at the time of injury,' provided his duties bring him into contact with the hazardous features thereof.
“As a result we have held that a cotton farm is brought within the purview *373 of the compensation statute because of the use of a borrowed hay cutter, Robinson v. Atkinson, 198 La. 238, 3 So.2d 604; that because of the operation of an automobile in the delivery of milk and of a tractor in farming operations, a farm-dairy becomes a hazardous business, Collins v. Spielman, 200 La. 586, 8 So.2d 608; and that the insurance business can be characterized as hazardous if it entails the operation of automobiles as a necessary incident thereof, Reagor v. First National Life Insurance Company, 212 La. 789, 33 So.2d 521.
“It is obvious, therefore, that if the use of motor vehicles for the transportation of laborers is a necessary incident to the business of raising and processing sugar cane, the employee is entitled to the protection of the compensation law ’even though he be employed in the so-called agricultural end thereof.”
Admittedly we are not here concerned with an employee being transported to or from work on a motor vehicle, but rather with an employee who alleges his duties require frequent contact with motor vehicles.
In Richardson v. Crescent Forwarding and Transportation Co., 17 La.App. 428, 135 So. 689 (writs denied by the Supreme Court), plaintiff’s duties, as employee of a drayage business, were to load and unload trucks in the performance of which he was sometimes required to ride on such vehicles. Granting that operation of a drayage business is a primary hazardous undertaking, we nevertheless note therein the following language used by the court in holding plaintiff entitled to compensation benefits:
“But counsel for defendant say this authority is not in point because plaintiff in this case was not employed as a truck driver. It is quite true that he was not employed as a truck driver, but his duties brought him necessarily into frequent contact with trucks and on many occasions required that he ride on them. In this 'way it was necessary for him to work in and around machinery, and whether or not he himself operated the machinery is of no great importance.”
The Richardson case, supra, was followed by that of Snear v. Eiserloh, La.App., 144 So. 265 wherein an employee engaged to unload trucks was .held entitled to compensation for injuries received while loading a vehicle. The opinion in the Snear case, supra, does not indicate the exact nature of the employer’s business and from the facts recited therein it cannot be determined with certainty whether the employer’s primary business was hazardous or non-hazardous. The decision in the Snear case does, however, sanction and reaffirm the rule that an employee who loads and unloads vehicles and whose duties additionally require that he ride thereon, is within the purview of our compensation act.
With the foregoing background in mind we now turn our attention to the question at hand, namely, whether an employee in an essentially non-hazardous business, whose duties are to load and unload trucks or motor vehicles but are not shown to include riding thereon, is within the protection of our Workmen’s Compensation Act.
It is settled jurisprudence that an employee, in an essentially non-hazardous business, who loads and unloads merchandise on vehicles not owned by the employer, is not within the scope of our compensation laws. Fields v. General Casualty Co., 216 La. 940, 45 So.2d 85. In the Fields case, supra, which involved an employee of a feed and seed store injured in the act of loading merchandise into a customer’s vehicle, the Supreme Court denied recovery of compensation on the ground use of vehicles was not a regular aspect of the employer’s business. On the question of contact with customer’s vehicles we note Hammer v. Lazarone, La.App., 87 So.2d 765, in which recovery of compensation was denied a car hop injured after crossing the *374 street in front of his employer’s place of business. In denying recovery the court held that contact by the employee with vehicles of customers and the fact that plaintiff was required to work in proximity to moving vehicles, was not sufficient to bring plaintiff within the protection of the act.
The issue presented herein appears to rest between the jurisprudence as established in the Richardson and Eiserlok cases and that enunciated in the Fields and Laz-arone cases. It also seems to us that the issue is controlled by the holding in Allen v. Yantis, La.App., 196 So. 530, decided by this court in 1940. In the Allen case, supra, the employee, a farm laborer, was crushed while loading rice on a vehicle. It was not shown the employee’s duties included either riding upon or operating vehicles. In overruling defendant’s exception of no cause of action and remanding the case for trial on its merits, we held that the loading and unloading of a vehicle in a primary non-hazardous employment may or may not be within the purview of our compensation statute depending upon the facts and circumstances of each individual case. We believe our views as expressed in the Yantis case, supra, consistent with the rule of liberal interpretation incumbent upon the courts under the unambiguous provisions of the act itself, and take this opportunity to reaffirm our prior pronouncement on the subject matter.
Considering plaintiff’s allegations that he did frequently load and unload trucks belonging to his employer in connection with deliveries made by defendant through the use of motor vehicles, we hold plaintiff’s petition does state a cause of action under the Workmen’s Compensation Law of this state and the trial court erroneously sustained defendants’ exceptions of no cause of action.
For the reasons hereinabove set forth, the judgment of the trial court is reversed and this cause remanded to the trial court for trial on its merits. Costs of this appeal to be paid by defendants Travelers Insurance Company and D. R. Ourso, doing business as Ourso and Company.
Reversed and remanded.
G. CALD;WELL HERGET, recused.