TATE, Judge.
The trial court held that the plaintiff-employee is entitled to workmen’s compensation benefits for total and permanent disability. An appeal from such judgment is taken by the plaintiff’s employer and the latter’s compensation insurer, who were joined as defendants. The plaintiff-employee answers the appeal, claiming that he is additionally entitled to statutory penalties because of the defendant insurer’s arbitrary failure to pay compensation due.
Plaintiff was a share tenant on the defendant-employer’s farm. However, such defendant also occasionally employed the plaintiff, independently of the lease arrangement, to work for a daily wage as a farm laborer on the employer’s lands. The plaintiff was injured on an occasion while so employed.
The chief questions raised by the defendants’ appeal are: (1) At the time of the accident, was the plaintiff engaged in a hazardous occupation under the workmen’s compensation law?; (2) Does the evidence show the plaintiff to be totally disabled?
I.
The plaintiff was injured on January 4, 1957. At the time, the plaintiff was and had been engaged with a crew of co-employees in installing culverts under a plantation road. To perform this work, as the plaintiff’s uncontradicted testimony shows, it was necessary for the crew to haul the culverts by a tractor and cart to the site of the work, to dig the ditches, and then to install the culverts. The claimant was injured when a heavy concrete culvert rolled into the ditch and hit his knee.
The defendants concede that the plaintiff’s employment was covered by the com *70 pensation act if the plaintiff’s duties exposed him to the hazard of working with mechanized equipment, such as the tractor herein; but they urge that this fact is insufficiently proved by the record.
As we stated in Costanzo v. Southern Farm Bureau Cas. Ins. Co., La.App,, 124 So.2d 621, 623, certiorari denied, holding a farm employee entitled to workmen’s compensation, “It is well settled in our jurisprudence that although a business is not specifically designated as hazardous in the Workmen’s Compensation Act, it becomes hazardous if motor vehicles or other mechanical equipment are used in connection with its operations.” Similarly, if the duties of his employment require him to come in contact with mechanized equipment, an employee’s disability is nevertheless com-pensable, even though at the precise moment of the accident he happens to be performing non-hazardous work, such as digging ditches. See Costanzo case above-cited: Collins v. Spielman, 200 La. 586, 8 So.2d 608; Norris v. Hargis, La.App. 2 Cir., 77 So.2d 60.
Able counsel for the defendants-appellants principally suggests that the claimant’s own testimony that the duties of his work-crew included the use of the tractor does not sufficiently prove his case, even though it is uncontradicted. Counsel suggests that the claimant should have also produced the testimony of several of his co-workers to corroborate his own testimony, the presumption otherwise being that their testimony would be adverse.
However, as stated in Stevens v. Dowden, La.App. 3 Cir., 125 So.2d 234, 236: “A litigant is not obliged to produce all witnesses to the accident, he is simply under a burden to produce sufficient evidence to prove his case by a preponderance of the evidence, Pickett v. Norwich Union Fire Ins. Co., La.App. 1 Cir., 119 So.2d 566, 569; which has been done in this instance, without contradictory testimony being introduced by the defendant.” We note also that the defendant employer did not contradict the plaintiff’s testimony when he, the employer, testified.
II.
The trial court held that the plaintiff is totally and permanently disabled by reason of a knee injury residual from the accident. As a result of this injury, the plaintiff claims he cannot perform without substantial pain sustained manual labor, such as that in which he was engaged at the time of the accident, for more than a few days at a time. The medical evidence proves that the claimant’s complaints of disability are justified.
Dr. Schneider, orthopedic surgeon, first examined the plaintiff ten days after the accident. He found that the cause of the disabling knee injury was a tear of the left medial meniscus. Within a few days, this physician surgically repaired the tear. Unfortunately, the surgical procedure did not result in an end to the disability. During the thirty-eight follow-up treatments over the two years following the accident, Dr. Schneider was forced to re-hospitalize the patient several times because of recurrent discomfort in the knee, evidenced by crepi-tation (a grinding noise and feel in the knee joint, Tr. 37), recurrent swelling, and continued atrophy of the left limb as compared to the right. On at least one occasion, the effusion or swelling inside the joint had to be reduced by aspiration, a minor surgical procedure.
Dr. Schneider felt the continued symptoms to be suggestive of a “low grade degenerative chondritis of the knee joint”, a residual from the accident. He felt that the plaintiff was definitely disabled from doing heavy manual labor, since the pain and swelling would return upon any attempt of the claimant to maintain consistent weight-bearing activities. This doctor offered to perform, without fee, additional surgery in an attempt to definitely ascertain the cause of the undoubted disability and to cure it, if the compensation insurer would pay for the hospitalization and other medical ex *71 penses; but his offer was not accepted by the insurer.
The defendants did not produce any medical evidence to the contrary. Dr. Meuleman, orthopedic surgeon called by them, had examined the claimant only once, ten months after the accident, at the request of the defendants. On the occasion of that examination he admitted that the claimant had some swelling within the knee joint and that crepitation or cracking within the joint was evident; he conceded also that the claimant suffered pain upon use of the joint, although he evaluated the claimant’s disability as only around eighteen per cent and thought the man should be able to. return to “gainful” employment.
Of course, within the meaning of the workmen’s compensation act, the present plaintiff is totally disabled, since he can no longer perform the heavy manual labor in which engaged at the time of the accident without the recurrence of substantial pain. Reed v. Calcasieu Paper Co., 233 La. 747, 98 So.2d 175; Bean v. Higgins, Inc., 230 La. 211, 88 So.2d 30, 32; Brannon v. Zurich Gen. Acc. & Liab. Ins. Co., 224 La. 161, 69 So.2d 1; Glidden v. Alexandria Concrete Co., La.App. 3 Cir., 132 So.2d 514; Schram v. Lake Charles Ready Mix, Inc., La.App. 3 Cir., 125 So.2d 213. Since, as these decisions show, the test of total disability is whether the plaintiff is able to perform without substantial pain the regular and usual duties of the work in which the injury was sustained, the plaintiff is considered totally disabled even though he has been able to secure gainful employment in lighter work, and even though the plaintiff may have been able to perform heavier duties intermittently, for a few days at a time, until the continued recurrence of the pain forced him to desist.
In contending that the claimant is not disabled, the defendants chiefly rely upon some motion pictures taken of the plaintiff at work a little over a year after the accident. We do not think that ten minutes of motion pictures showing the plaintiff performing certain duties of carpentering with agility, which were obtained by defendants’ professional investigators by suggesting to plaintiff that such pictures of him might be used on television, are sufficient to overcome uncontradicted medical testimony that the sustained performance of such activities would produce disabling pain, and when such intermittent activity on the part of the plaintiff is not at all inconsistent with the medical diagnosis. See Costanzo v. Southern Farm Bureau Cas. Ins. Co., La.App. 3 Cir., 124 So.2d 621; Morgan v. Farnsworth & Chambers, Inc., La.App. 1 Cir., 119 So.2d 576; Gagliano v. Boh Bros. Constr. Co., La.App. Orl., 44 So.2d 732. “Although on the surface it might appear that nothing could be more cogent and even dramatic refutation of a disability claim than motion pictures of claimant jacking up a car. or playing tennis, the courts have rightly observed that such evidence must be used with great caution.” 2 Larson on Workmen’s Compensation Law, Section 79.74.
The other questions posed by this litigation do not require extended comment.
The trial court based the compensation rate upon a daily wage of five dollars per day, upon a showing that, on each prior occasion that the claimant had been employed by the defendant farmer (Tr. 106), this had been his daily rate of pay. The plaintiff also testified that such was his daily rate of pay at the time of the accident (Tr. 71). However, because after the accident the defendant employer had noted in his records that on this particular occasion the plaintiff’s rate of pay was only $4.50 per day (Tr. 107), the defendants suggest that this lower daily rate should be used as a basis for workmen’s compensation instead of a five dollar rate. Under the circumstances, we find no error in the trial court’s finding that the plaintiff’s daily rate of pay at the time of the accident was five dollars as it had been on the other occasions on which the plaintiff had been employed by the defendant farmer.
*72 By plaintiff’s answer to the appeal he prays for statutory penalties on the ground of the allegedly arbitrary non-payment of workmen’s compensation benefits due to him. We will not disturb the trial court’s finding that, under all the circumstances shown by the record, the termination of the payment of workmen’s compensation benefits was not so arbitrary as to justify penalties.
For the foregoing reasons, the trial court’s judgment is affirmed at the cost of the defendants-appellants.
Affirmed.
FRUGÉ, J., recused.