AYRES, Judge.
Plaintiffs, by this action, seek to recover workmen’s compensation benefits allegedly arising out of the accidental death of one David Martin, Jr., occurring on June 10, 1953, at the age of 14 years. Martin was the illegitimate son of plaintiff Molen Williams Washington. Plaintiffs, in addition to the mother, are Martin’s stepfather and half brothers and sister. Compensation is claimed in the weekly sum of $15.60, for a period of 300 weeks, and funeral expenses of $172.50. Made defendants are Herman Harvey and his workmen’s compensation insurer.
Harvey, as a planter of East Carroll Parish, owned and operated several plantations which he farmed. His principal product was cotton. Martin, engaged to “chop”' cotton, was killed during the noon hour, while asleep, by being run over by a truck owned and operated by one Major Mason.
This case was heretofore before this, court on a motion to dismiss. 124 So.2d 240 (writs denied). The motion was overruled and the case remanded. On the remand, plaintiffs’ demands were rejected and, from the judgment dismissing their action, they have appealed.
Of primary concern is the question, presented as one of the several defenses, as to. whether Harvey’s occupation was or became hazardous within the contemplation of the workmen’s compensation statute, LSA-R.S. 23:1021 et seq., as interpreted in the jurisprudence.
No serious issue is presented as to the pertinent facts. Defendant Harvey contracted with Major Mason to “chop” the cotton on his farm, that is, as we understand it, to thin the cotton plants to a desired stand and to rid the plants of weeds and grass. The price for the work contracted was predicated upon the number of laborers used by Mason and the number of days their services were required. Pursuant to this agreement, Mason employed laborers and transported them by truck Harvey’s plantations. The workers were under the exclusive management, direction, and control of Mason. Harvey furnished only the hoes with which they worked and designated the fields in which they were to perform their labors. Based upon the contract between them, Mason paid his laborers at the end of each workday. Payment was made from funds paid Mason by Harvey in accordance with their contract.
In contracting with Mason for the chopping of his cotton, Harvey was pursuing a practice generally engaged in by the plantation owners of that vicinity. In fact, it appears Mason had similar contracts with other planters and moreover had the right to move his employees from one plantation to another or to plantations owned by *381 others, particularly where the condition of the soil or weather made such action advisable.
Mason, through his own initiative and enterprise, acquired the truck by which he transported his employees and developed the business in which he was engaged. Mason was a responsible individual in whom the planters placed confidence. He had acquired a reputation for rendering efficient and satisfactory service. Harvey neither had the right to select, hire, control, supervise, or discharge Mason’s employees, nor did he exercise any of such privileges. Such control was vested in and exercised exclusively by Mason who must, therefore, be characterized as an independent contractor. Wynn v. Fidelity & Casualty Company of New York, La.App. 2d Cir., 1956, 85 So.2d 315; Owers v. McElveen, La.App. 1st Cir., 1933, 145 So. 392.
As observed by the trial court below, there is no showing of an attempt or purpose in the arrangement between Harvey and Mason to interject an impecunious intermediary to relieve Harvey of liability. The practice, as heretofore observed, had general application in the area. Such a practice was particularly advantageous to the laborers in providing more regular employment for them. It was likewise advantageous to the planters in assuring them of an adequate supply of labor when needed.
Though the record discloses that defendant owned and operated trucks and other machinery upon his plantations, no showing or contention is made that decedent’s employment required that he operate or come in contact with such equipment. The proof is that he did not come in contact with any of the hazardous features of defendant’s farming operations. The only contact decedent had with any truck or mechanized machinery was when he was transported by Mason in Mason’s vehicle, in which defendant had no interest and over which he neither had nor exercised authority or control.
The workmen’s compensation statute has application only to persons performing services arising out of and incidental to their employment in the course of their employer’s trade, business, or occupation, which trade, business, or occupation must be hazardous. LSA-R.S. 23:1035; McMorris v. Home Indemnity Insurance Company, 236 La. 292, 107 So.2d 645; Shipp v. Bordelon, 152 La. 795, 94 So. 399; Edwards v. Stafford, La.App. 1st Cir., 1963, 153 So.2d 106. Thus, as observed by Professor Malone in Louisiana Workmen’s Compensation Law and Practice, p. 156, § 126:
“In view of the fact that the Compensation Act covers only hazardous trades, businesses and occupations, it follows that the principal cannot be made liable under Section Six unless he was engaged in a business of this character. * * * ”
 Farming is not a hazardous occupation per se, nor is it made so by statutory enactment or under the jurisprudence. LSA-R.S. 23:1035; Fontenot v. Fontenot, 234 La. 480, 100 So.2d 477; Collins v. Spielman, 200 La. 586, 8 So.2d 608; Robinson v. Atkinson, 198 La. 238, 3 So.2d 604. However, as contended by plaintiffs and as observed by the court in the Fontenot case, an occupation or a business not hazardous per se may become amenable to the provisions of the workmen’s compensation statute if it entails the operation of mechanized equipment as a necessary incident thereto. Meyers v. S. W. Reg. Con. Ass’n of Seventh Day Adv., 230 La. 310, 88 So.2d 381; Reagor v. First Nat. Life Ins. Co., 212 La. 789, 33 So.2d 521.
The court pointed out in the Fontenot case that
“ * * * according to our settled jurisprudence, for an injured employee to receive benefits under the statute, where the business of the employer is essentially nonhazardous, it must be shown that the duties of his employment demanded that he operate or *382 otherwise come in contact with mechanized equipment. No case of this nature has been called to our attention, and we know of none, in which compensation was awarded in the absence of such a showing.” (100 So.2d 477, 481.)
The deceased in the instant case, as was the plaintiff in tire Fontenot case, was not required by the duties of his employment to, and he did not in fact, come in contact with any of the hazardous features of defendant’s farming operations. Accordingly, the court concluded that plaintiff’s injury was not compensable.
Applicable in the instant case is the further observation made by the court in the Fontenot case:
“The cases cited and relied on by plaintiff’s counsel do not militate against this conclusion (Collins v. Spielman [200 La. 586, 8 So.2d 608] and Robinson v. Atkinson, both supra [198 La. 238, 3 So.2d 604]; Griffin v. Catherine Sugar Company, Inc., 219 La. 846, 54 So.2d 121; Norris v. Hargis, La.App., 77 So.2d 60, and Roy v. Guillot, La.App., 84 So.2d 469). The employee in each was permitted recovery under the statute because he was required to, and did as a part of his regular employment, operate or otherwise come in contact with a mechanized phase of the business involved. In none was it held that an employee, not exposed by his employment to power equipment, was entitled to compensation benefits merely because the employer used some machinery in connection with his ordinarily nonhazardous business.” (100 So.2d 477, 481.)
Plaintiffs, however, contend, even though decedent did not operate or come in contact with any of defendant’s trucks, tractors, or other mechanized equipment, that, by virtue of his transportation by Mason, defendant’s independent contractor, by motor vehicle to defendant’s farms, the workmen’s compensation statute had application. With this contention, we cannot agree. As already pointed out, the decedent never came in contact with any hazardous features of defendant’s farming operations; nor did the duties of his employment require that he do so. By no act of defendant did he, so far as decedent’s services were concerned, convert his nonhazardous business into a hazardous one. Moreover, the independent contractor was without authority, through his acts alone, to bring defendant’s nonhazardous occupation under the Workmen’s Compensation Act.
If plaintiffs’ position were to prevail, then every undertaking of a nonhazardous nature by an owner through a contractor would be subjected to the provisions of the statute without action or permission of the owner and perhaps contrary to his will. For instance, under plaintiffs’ theory, an individual undertaking the construction, through a contractor, of a residence in which he intended to live, or undertaking the repair of a building which he owns, would be, by the very fact of the contractor’s transportation of his employees by motor to the jobsite, or by the contractor’s use of the usual power tools, subjected to the provisions of the compensation act. Such was not, in our opinion, the intention of the statute.
Moreover, the Workmen’s Compensation Act is inapplicable to one engaged in a nonhazardous occupation who employs an independent contractor, though the latter’s employees’ work is within the act. Under a state of facts comparable to those of the instant case, the Court of Appeal for the Parish of Orleans, now the Fourth Circuit, through Judge Janvier as author of the opinion in White v. Equitable Real Estate Co., Limited, 18 La.App. 714, 139 So. 45, 46 (writs denied), made an observation appropriate to the instant case. There, it was stated:
“We are therefore of the opinion that the business of defendant was not hazardous, and that section 6 of the *383 Workmen s Compensation Law of Louisiana [LSA-R.S. 23:1061, having reference to the liability of principal to employees of independent contractor] has no application to one who, engaged in a nonhazardous occupation, employs an independent contractor, even though the employees of the independent contractor may, in performing their duties, undertake work which is within the coverage of the compensation laws of the state.”
We therefore conclude that the provisions of the workmen’s compensation statute have no application to the facts of this case, and that the judgment rejecting plaintiffs’ demands is correct.
Accordingly, the judgment appealed should be, and it is hereby, affirmed at plaintiffs-appellants’ cost.
Affirmed.
Rehearing denied;
Bolin J., dissents.